45 So.2d 9

## ARRINGTON v. STATE.

### 7 Div. 32.

Court of Appeals of Alabama.

March 7, 1950.

Keener & Keener, of Centre, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

CARR, Judge.

The defendant below was indicted for illicit distilling and possessing a whiskey still.

This appeal is here on the record proper. In some particulars the record is confusing. The official court reporter certifies that "no witnesses were sworn and no testimony taken on behalf of the State or the defendant."

The judgment entry in part recites:

"On this the 25th day of March, 1949, came the State by her Solicitor and the defendant in person and without attorney on hearing the Indictment read against him in open court in the presence of a jury pleads guilty thereto. John Wilbur Erwin and 11 others who being duly sworn and empanelled according to law upon their oath do say: 'We the Jury find the Defendant Charlie Arrington guilty as charged in the Indictment.' It is therefore considered and adjudged by the Court that the Defendant is guilty of Distilling as charged in the Indictment."

After sentence the appellant filed a motion for a new trial, in which he presented his claim that the proceedings were contrary to law. The motion was overruled.

Under the statute the jury was not required to fix the punishment. This responsibility was addressed to the court. In the instant case the court and not the jury did impose the punishment.

The accused had a right to enter a plea of guilty. In this event it was not necessary to call a jury; nor was the State impelled to introduce evidence in support of the allegation of the indictment.

The fact that the adjudication of guilt was based on the verdict of a jury, under the circumstances disclosed by the record, could in no manner inure to the prejudice of the defendant.

The nature of the irregularities in the record is not of the kind that requires a reversal of the judgment. It is, therefore, ordered that the judgment below be affirmed.

Affirmed.