87 So.2d 437

Charles P. EVANS

v.

The STATE of Alabama.

4 Div. 838.

Supreme Court of Alabama.

May 10, 1956.

**290**

W. Perry Calhoun and J. N. Mullins, Dothan, for petitioner.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., opposed.

SPANN, Justice.

Charles P. Evans was convicted of grand larceny, the property allegedly stolen being an automobile belonging to W. W. Gibson. He prosecuted an appeal to the Court of Appeals where his conviction was affirmed. The case is before us on writ of certiorari to review the decision of the Court of Appeals. The facts as determined by the Court of Appeals are as follows:

"The automobile, a 1952 Chevrolet, was stolen from the vicinity of the Wiregrass Stadium in Dothan while its owner was attending a football game on Thanksgiving Day, in 1952.

"Several days later the car was located by police on a used car lot in Montgomery.

"C. L. Ballard, a witness for the State, testified that early on Thanksgiving Day 1952 the appellant came to his place of business in Montgomery. He was driving a Buick automobile for which he wanted $2,250. Ballard told the appellant that Chevrolets would sell better, and the appellant replied that his nephew had two automobiles, a Buick and a Chevrolet, and that he would bring the Chevrolet back.

"The next day the appellant arrived at Ballard's place around 1:00 p. m. accompanied by a young man in an army uniform, the young man being represented as Billy Rogers, appellant's nephew.

"According to Ballard the appellant was then indebted to him in the amount of $2,300 more or less, and he traded with appellant to pay this debt with the Chevrolet automobile. While the bill of sale was executed by the alleged nephew, all of the trading was carried on by the appellant.

"The Chevrolet thus obtained by Ballard was the one stolen from Mr. Gibson the day before.

"Walter L. Huggins, a witness for the State, testified that he was at Ballard's place of business on the day after Thanksgiving in 1952, for most of the day, and while there he observed the appellant there.

"The defense was directed toward establishing an alibi, the appellant testifying that he left Montgomery on Thanksgiving Day with Mr. E. F. Taylor and drove Mr. Taylor to Atlanta, Georgia, in order that Mr. Taylor might consult an eye specialist. They remained in Atlanta until Saturday afternoon and did not return to Montgomery until around ten o'clock on that Saturday.

"The appellant denied any dealings with Ballard in respect to the stolen car.

"Mr. Taylor's testimony was corroborative of appellant's as to their trip to Atlanta on the dates in question."

■ This Court will not, on certiorari, review the determination of the Court of Appeals on questions of fact. Ex parte McNeil, 204 Ala. 81, 85 So. 569; Thomasson v. State, 215 Ala. 315, 110 So. 564.

■ The main question presented is one that goes to the sufficiency of the evidence to support the verdict of the jury. This question has been adequately dealt with in the decision of the Court of Appeals. The Court of Appeals holds that the evidence was ample to support the verdict rendered; and this finding will not be reviewed by this Court. Williams v. State, 222 Ala. 584, 133 So. 737. As was said in the case of Mobile Pure Milk Co. v. Coleman, 230 Ala. 432, 161 So. 829:

"This court will not review the Court of Appeals on its finding of facts, either as to the tendencies of the evidence, or upon the effect of the evidence in considering the giving or refusing of the affirmative charge by the trial court, or the weight of the evidence on review of a ruling on a motion for new trial.

"The general rule is that this court will not review the ruling of the Court of Appeals in its application of the law to the facts. Postal Telegraph-Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91. But if the decision of the Court of Appeals affirmatively shows a misapplication of the law to the facts as found by that court, there is presented a misconception of the law of the case, an error of law, subject to review by this court. Home Ins. Co. v. Pettit, 225 Ala. 487, 143 So. 839; Fairbanks, Morse & Co. v. Dees, 220 Ala. 41, 126 So. 624; Rochester-Hall Drug Co. v. Bowden, 218 Ala. 242, 118 So. 674; Lancaster v. State, 214 Ala. 2, 106 So. 617."

In the instant case, we think the Court of Appeals correctly applied the law to facts.

█ It is also insisted that the circuit court erred in refusing appellant's motion for a new trial on the ground of newly discovered evidence. Certainly, as found by the Court of Appeals, any evidence that could be offered by the witness Barfield to support the defense of his alibi would be merely cumulative. In such a case, a new trial should not be granted. 7 Ala.Dig., Criminal Law, ⟲941(1).

Finding no error in the decision of the Court of Appeals, it should be and is hereby affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.