169 So.2d 327

**Robert ARD**

v.

**STATE.**

**1 Div. 22.**

Court of Appeals of Alabama.

Nov. 24, 1964.

Scott & Porter, Chatom, for appellant.

Richmond M. Flowers, Atty. Gen., and W. Mark Anderson, III, Asst. Atty. Gen., for the State.

CATES, Judge.

This is an appeal from the denial of relief by way of writ of error coram nobis, the circuit court having dismissed the petition.

Theretofore, Ard had entered Kilby Prison under commitment based on verdict and judgment of guilty of the offense of forgery with a sentence of three years. There is some intimation that he was convicted in two cases.

The principal ground of contention was apparently an attempt to bring his case within the liberating principle of Wiman v. Argo, 5 Cir., 308 F.2d 674, affirming D.C., 209 F.Supp. 299. The effect of these Federal cases was to afford relief which was denied by this court in Ex parte Argo, 41 Ala.App. 442, 137 So.2d 755.

The statements of law as applied to the record before us in Ex parte Argo were not disapproved by the Supreme Court of Alabama. Some later cases, such as Ex

parte Hamilton, 273 Ala. 504, 142 So.2d 868, indicate that our Supreme Court preferred to retain State cognizance to the uttermost degree entailed under the doctrine of using State remedies.

But if the last paragraph of Mr. Justice Lawson's dissent in Ex parte Aaron, 275 Ala. 377, 155 So.2d 334, is a valid insight on that court in general conference, then it appears that coram nobis in Alabama is not coextensive with but rather narrower than habeas corpus in the Federal courts. The accordion theory which the writer discussed in Allen v. State, 42 Ala.App. 9, 150 So.2d 399, seems to have been discarded.[1]

### I.

In the instant case, Ard testified that though he had a lawyer on his trial he did not see him until two or three minutes before he went before the judge, and that he had not discussed the facts of the case with this lawyer before that time.

Ard had previously talked to the solicitor on his own in an attempt to "cop" a plea[2] for as little as thirty months. His brother who was arrested at the same time had got in touch with another lawyer, but no further testimony indicated what came of this matter.

The petitioner contended throughout that he could not write his name and, therefore, indictment for forgery was a matter of impossibility.

■ This need not be so since our Code dispenses with the difference between principals of the first and second degree and makes aiders and abettors equally guilty with those who actually commit the act. Code 1940, T. 14, § 14.

Therefore, it is perfectly within the realm of possibility to convict an analphabetic person of forgery because of his complicity with the one who does the actual counterfeiting, altering, or uttering.

■ The State made a motion to dismiss the coram nobis proceeding on the ground that an appeal was then pending in the Supreme Court of Alabama. (Sic.) This ground is apt under the opinion in Brown v. State, 250 Ala. 444, 35 So.2d 518, and accordingly will support dismissal.

The circuit clerk testified, identifying State's Exhibit "B," a notice of appeal which Ard sent him. It was received August 22, 1964, some nine days before the coram nobis hearing. This Exhibit "B" did not come up here.

### II.

Also (though this be gratuitous dictum), we refer to Ex parte Arrington, 254 Ala. 92, 47 So.2d 269, where the court stated that the petitioner "has not made a credible showing in respect to any such claims." In Allen v. State, supra, we stated that the onus of persuasion resting on a petitioner to merit his getting new trial by way of coram nobis was to show "clear, full and satisfactory" proof.

### III.

After the hearing shown by the instant record, two notices of appeal in cases bear-

---

1. Rives, J., in Wiman v. Argo, 308 F.2d at 678: " * * * The strict limitations thus imposed upon the availability of habeas corpus and coram nobis may raise serious questions in some cases as to whether those writs considered together constitute an adequate remedy in the state courts to be exhausted before resort is had to a federal court. 28 U.S. C.A. § 2254. * * * "
Lightfoot, Case Notes, 16 Ala.L.R. 123: " * * * Would it not be better to align our concept of waiver with that set out in the Noia case [Fay v. Noia,

372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837], thereby enabling defendants, by coram nobis in state courts, to assert the right for the first time, rather than forcing an unsuccessful defendant into the federal courts on habeas corpus when the obvious result will be a federal decision overturning a decision of our highest state court, with the chafing effect it will undoubtedly have on federal-state relations."

2. People v. Moore, 211 Cal.App.2d 585, 599, 27 Cal.Rptr. 526, 534.

ing Circuit Court No. 1038 and 1446 have been sent up by the circuit clerk. Under Brown v. State, supra, we cannot further entertain coram nobis until the appeals from the original judgments have been processed and disposed of. Accordingly, since the petitioner is not required to elect between appeal and coram nobis, we can only treat this proceeding as premature. This is, of course, without prejudice to any question which would come up by way of the two incipient appeals. See Brown v. State, supra, last paragraph; also Brown v. State, 33 Ala.App. 569, 35 So.2d 516.

Without prejudice, the instant appeal is Dismissed.

PRICE, P. J., concurs in the result.