207 So.2d 422

Albert Lee RICKARD

v.

STATE.

3 Div. 278.

Court of Appeals of Alabama.

Feb. 6, 1968.

Albert Lee Rickard, pro se.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

CATES, Judge.

Appeal from denial of coram nobis. In the circuit court the State's motion to dismiss was granted under Supreme Court Rule 50 which provides in part:

"* * * and the sentencing court shall not be required to entertain a second or successive petition for similar relief on behalf of the same prisoner. A successive petition on different grounds will not be entertained unless good cause is shown why the new ground or grounds were not known or could not have been reasonably ascertained when the first petition was heard."

Originally Rickard claims he was indicted for robbery and seemingly he pled guilty to assault with intent to rob.

I.

Nowhere in the instant petition does Rickhard explain why he failed to set forth the now averred grounds in his former applications for the writ. The State's motion was well taken. See the last sentence of Rule 50 above.

II.

By way of dictum, we think that part of Rickard's allegations as to lack of a jury could be disposed of by the following from Lott, 43 Ala.App. 256, 188 So.2d 285:

"That appellant's punishment was fixed by the court instead of by a jury (Code 1940, T. 14, Sec. 415), is a procedural error which cannot be raised in a coram nobis proceeding. Thomas v. State, 40 Ala.App. 697, 122 So.2d 535; Isbell v. State, 42 Ala.App. 498, 169 So.2d 27."

Moreover, it might be inferred that Rickard pled guilty to the lesser offense of

assault with intent to rob. If so, the judge alone can set punishment on a plea of guilty. See Ex parte Richardson, 42 Ala.App. 626, 174 So.2d 693, T. 14, § 38, and T. 15, § 328.

In Robertson, 24 Ala.App. 237, 133 So. 742, we find:

"Under an indictment for robbery, there may be a conviction for assault with intent to rob, for larceny, for attempt to rob, for assault, or for an assault and battery. Rambo v. State, 134 Ala. 71, 32 So. 650; Morris v. State, 97 Ala. 82, 12 So. 276; Carnathan v. State, 18 Ala.App. 452, 93 So. 50; Thomas v. State, 91 Ala. 34, 9 So. 81; Code 1928, § 8697, and many other authorities that might be cited."

■ When an indicted person pleads guilty [1] to an offense wherein a statute does not require a jury to fix the punishment, then the plea alone stands as both evidence and verdict. Woodard, 42 Ala. App. 552, 171 So. 462; Busby v. Holman, 356 F.2d 75. See also Merrill, J., in Knowles, 280 Ala. 406, 194 So.2d 562.

■ Implicitly a voluntary plea of guilty in open court on advice of counsel dispenses with the need for a judicial fact-finding. The accused does not waive a jury: rather he pleads himself past its function. He submits himself for allocutus and punishment. Arrington, 35 Ala.App. 205, 45 So.2d 9. Williams v. State of Oklahoma, 358 U.S. 576, at 585, 79 S.Ct. 421, 3 L.Ed.2d 516.

■ No due process question arises. Maxwell v. Dow, 176 U.S. 581.

### III.

In conclusion, we note that, on his original trial, Rickard himself by the plea of guilty transcended the need for a jury. Also, in his coram nobis application of instant concern he omitted to aver that he had a valid defense to the indictment. In Argo, 43 Ala.App. 564, 195 So.2d 901, we listed the authorities in this respect:

"Under the Alabama concept of the remedy afforded by the writ of error coram nobis, the prisoner must plead and prove that he had a valid defense to the original charge of which he stands convicted. Ex parte Taylor, 249 Ala. 667, 32 So.2d 659; Ex parte Fewell, 261 Ala. 246, 73 So.2d 558; Ex parte Argo, 41 Ala. App. 442, 137 So.2d 775; Ex parte Anderson, 41 Ala.App. 620, 147 So.2d 862; Woodard v. State, 42 Ala.App. 552, 171 So.2d 462 (hn. 5–8); Ex parte Davis, 43 Ala.App. 188, 185 So.2d 417; Freeland v. State, 43 Ala.App. 406, 191 So.2d 245 (hn. 7). See also Wiman v. Argo, 5 Cir. 308 F.2d 674, and Ard v. State, 42 Ala.App. 505, 169 So.2d 327."

■ Though a rule often is tested by its exceptions, here Rickard has claimed no self executing constitutional right even within the scope asserted by the petitioner in Duncan v. State of Louisiana, 388 U.S. 809, 88 S.Ct. 98, 19 L.Ed.2d 63 (No. 410, U.S.S.Ct. 1967–68 Term, to review 250 La. 253, 195 So.2d 142). The exceptions recognized by this court in Barnes v. State, 42 Ala.App. 504, 169 So.2d 313; Brown v. State, 42 Ala.App. 690, 170 So.2d 504 (explained 277 Ala. 353, 170 So.2d 504), and Couch v. State, 43 Ala.App. 707, 198 So.2d 308, partake of the exceptions discussed in 23 Am.Jur., Fraud and Deceit, § 48. Rickard's pleading in this case fails to establish any pertinent reason to forego the valid defense requirement.

The judgment below is due to be

Affirmed.

---

1. "An accused's plea of guilty may be accepted only if it is made voluntarily and knowingly. If it appears that a guilty plea is the product of coercion, either mental or physical, or was unfair- ly obtained or given through ignorance, fear or inadvertence, it is void since it is a violation of constitutional safeguards. * * * " Howard v. State, 280 Ala. 430, 194 So.2d 834.