277 So.2d 917

**Marcus UPSHAW**

v.

**STATE.**

**6 Div. 454.**

Court of Criminal Appeals of Alabama.
March 13, 1973.

Rehearing Denied April 17, 1973.

Woodward v. State, 42 Ala.App. 552, 171 So.2d 462; Argo v. State, 43 Ala.App. 564, 195 So.2d 901; Rickard v. State, 44 Ala. App. 281, 207 So.2d 422.

E. C. Herrin, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

This is an appeal from the denial of a writ of error coram nobis. Upshaw asked for the writ to set aside a 1966 conviction for rape which carried a 40 year prison sentence. The instant proceeding was Upshaw's third petition according to a motion by the District Attorney.

## I

The State asks us to base an affirmance of the judgment below on the well established principle that to be entitled to the writ the petitioner must aver and prove that he was innocent of the crimes of which he stands convicted. Ex parte Taylor, 249 Ala. 667, 32 So.2d 659; Ex parte Fewell, 261 Ala. 246, 73 So.2d 558;

## II

Additionally, we could posit our action on Supreme Court Rule 50 which provides that repeated applications for coram nobis shall not be entertained unless the failure to raise a point in the first application is satisfactorily explained.

## III

One ground raised below seemed to cause the trial judge some concern. This was the possibility that he, on the original conviction, might not have announced that the defendant had a right to appeal.

Upshaw's trial counsel testified that he could not recall whether or not he had advised Upshaw that he had such a right— but thought that he had, because of having a habit of so advising in such occasions.

The appellant, not astonishingly, testified that he had not been told either by counsel or court that he had a right to appeal.[1]

We detect in many of the post conviction letters from prisoners that there is a widely held misapprehension that an appeal to this court partakes of the nature of a trial de novo.[2]

---

1. He testified that within two or three months after conviction he learned that he could appeal. He took no action.

2. The following has been suggested as an Address by a Trial Judge after Sentencing after Trial (Not for use after a plea of guilty):
   a. You have a right of appeal. It is a matter of right, not mere grace. This will go to the Court of Criminal Appeals.
   b. What is an "Appeal"? I can tell you a few things that are not part of an appeal:
   i) You will not automatically get a new trial of *this* case;
   ii) You will not have a chance to bring additional evidence (i. e., testimony, papers or objects) because the Court of Criminal Appeals goes only by the record of the trial you have just had (plus whatever proof is laid before *this*, the trial court, in support of a motion for new trial if you or your lawyer file one in writing within 30/60 days from the date of this judgment); see Code 1940, T. 13, § 119;
   iii) You will *not* get a reconsideration by another jury unless the Court of Criminal Appeals finds that this, the trial court, has made a mistake of *law* in one of its rulings which was probably

■ We are not aware of any holding by the Supreme Court of the United States that a trial judge commits reversible error in failing to tell an indigent convict that he may appeal.[3] Nor do we consider that the omission of such advice is a sign of inadequate counsel in the absence of the defendant's proving that, at the expiration of the over-generous six months appeal time, he still had no knowledge of the right to appeal.

### IV

■ As for an out of time appeal, this court has expressly rejected such a paradox as judicial legislation of the rawest kind. Hines v. State, 48 Ala.App. 297, 264 So.2d 218.

The judgment below is due to be

Affirmed.

CATES, P. J., and TYSON, HARRIS and DeCARLO, JJ., concur.

ALMON, J., concurs in result.

pre-judicial to some substantial right which the law gave you in the trial just past; see Sup.Ct. Rule 45; and

iv) You will not be given a chance, except through counsel, to talk in the Court of Criminal Appeals (indeed, since your sentence is for more than twenty years, you can either stay here in jail pending your appeal or go now to start serving your sentence in the penitentiary system of this State); that Court relies basically on the arguments of the lawyers and on the record of this trial. At this point an explanation may be given of the right to suspension of sentence with bail under Code 1940, T. 15, §§ 368 and 372; see also Ex parte Downer, 44 Ala.App. 77, 203 So.2d 132; Ex parte Pace, 45 Ala.App. 132, 226 So.2d 676.

c. By now I hope you understand that an appeal is a legal but not a factual investigation. However, there is one important exception: that is, that as a

matter of law all the evidence which the prosecution has brought against you must—if believable by the average reasonable person beyond a reasonable doubt—have met the basic legal elements of the crime laid down in the indictment (complaint) against you.

d. Do you have any questions?

3. Compare United States ex rel. Smith v. McMann, 2 Cir., 417 F.2d 648, with United States ex rel. O'Brien v. Maroney, 3 Cir., 423 F.2d 865. A summation is found in Commonwealth v. Gautier, 72 Mass.Adv.Sh. 553, 280 N.E.2d 426.

What is here involved does not impinge on the problem of whether, after accepting a plea of guilty, a state trial court must or must not advise the defendant of his right to appeal to this court. Even the Second Circuit, with its broad interpretation of Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, has abstained. United States ex rel. Caruth v. La Vallee, 464 F.2d 449.