292 So.2d 463

**Robert Lee BURDEN**

v.

**STATE.**

**6 Div. 682.**

Court of Criminal Appeals of Alabama.

March 26, 1974.

CATES, Presiding Judge.

Denial of coram nobis to set aside a conviction of carnal knowledge of a girl under the age of twelve years, the appellant having been sentenced to fifty years. The appellant had pled guilty June 8, 1971.

The judgment below was based on a motion of the State to dismiss. The most cogent ground in that motion appears:

"The records of this Court show that on June 8, 1971, Petitioner appeared in open court with his attorney of record and entered a plea of guilty to Carnal Knowledge and was sentenced to fifty years imprisonment in the Penitentiary. At the time that the Petitioner entered his plea of guilty, he was advised of his rights under the Constitutions of the United States and the State of Alabama. After being advised of these rights, the Petitioner signed an acknowledgment that these rights had been explained to him. A copy of said acknowledgment is attached hereto as exhibit 'A' and incorporated by reference hereto as if fully set out herein."

Exhibit "A" is a written question and answer form comporting with that comprised in the appendix to Ireland v. State, 47 Ala.App. 65, 250 So.2d 602.

The record in this case does not show one way or another:

1.) Whether on taking the plea of guilty the court had a court reporter to take down the colloquy between the bench and the prisoner; or

2.) Whether or not after sentence the judge advised the convict of his right of appeal at any time within six months. Code 1940, T. 15, § 368; § 266 of that Title not being apposite.

I

As to the question posed under 2.) above, we consider that a person convicted who knowingly foregoes a right of direct appeal has added an additional increment to the burden he bears on bringing a coram nobis action.

■ In coram nobis the judgment of conviction is the obstacle confronting the prisoner. Within the ambit of the relief available through the writ, the plaintiff has the burden of establishing his right to relief by clear, full and satisfactory proof. Eagen v. State, 280 Ala. 438, 194 So.2d 842; Vincent v. State, 284 Ala. 242, 224 So.2d 601.

■ This degree of persuasion, i. e., "clear, full and satisfactory" we take to entail more than that enunciated in the scintilla rule. In Washam v. Beaty, 210 Ala. 635, 99 So. 163, the court on rehearing approved the proposition (involving the burden to overcome the presumption of sanity) that "clear" is highly exacting as to proof of facts "and always means more than reasonably satisfying."

■ Coram nobis partakes of a civil action of fraud to reform a judgment. This degree of proof is the highest in a civil action.

■ Therefore, a defendant who voluntarily foregoes an effectual remedy by way of appeal has the onus in a collateral proceeding of explaining why he did not or could not take an appeal.

■ If, as here, the appeal could review the alleged question without further proof dehors the record, then plaintiff in a coram nobis must prove that he was neither advised by the court nor his counsel of the right to take an appeal. Since there is no allegation that Burden did not timely know of his right to appeal we assume that he did. See Upshaw v. State, 50 Ala.App. 172, 277 So.2d 917, Part III thereof. However, Supreme Court Rule 50 would not preclude a further action premised on this point.

II

■ Without proof of Burden's ignorance as to the right of appeal which would have raised a serious issue under Cooper v. State, 52 Ala.App. ——, 297 So.2d 169 (Ct. Cr.App., 1973) and Twyman, 52 Ala.App. ——, —— So.2d —— (Ct.Cr.App., 1973), we are not willing to overrule the import of *Ireland,* supra, in a coram nobis proceeding.

III

We also point out that there was no allegation that Burden had a valid defense to the indictment. Rickard v. State, 44 Ala. App. 281, 207 So.2d 422; Upshaw v. State, 50 Ala.App. 172, 277 So.2d 917.

Accordingly, the judgment below is due to be

Affirmed.

All the Judges concur.