CLARK, Supernumerary Circuit Judge.
This appeal is from the denial of a petition for writ of error coram nobis.
In January, 1976, appellant was confined in Covington County jail on a warrant returnable to The Intermediate Court of Cov-ington County. On February 17, 1976, pursuant to Code of Alabama, Tit. 15, § 260, he made known to the Circuit Court of Coving-ton County, by written petition, that he desired to plead guilty. In accordance with § 261-262, the court ordered the District Attorney to prefer and file an information against defendant for the criminal offense for which he was being held, and appointed counsel to represent defendant. An information was brought and verified by the District Attorney, and on February 24, a hearing in open court, attended by defendant, his counsel and counsel for the State, was conducted on the information and defendant’s plea of guilty, and a colloquy ensued between the court and defendant wherein the requirements of Boykin appear to have been met. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. Defendant was found guilty by the court and sentenced to imprisonment for six years.
Defendant duly appealed from his conviction and sentence. Such appeal has been dismissed by this Court pursuant to Code Tit. 15, § 266, which provides, “Such defendant shall not have the right of appeal from the action of the court” in cases governed by Tit. 15, §§ 260-266. Rogers v. State, 44 Ala.App. 331, 208 So.2d 240.
After the dismissal of his appeal from the judgment of conviction and sentence, appellant commenced his coram nobis proceeding that resulted in the adverse action of the trial court that constitutes the basis of this appeal.
Appellant urges that the judgment of the trial court should be reversed for three separate alleged reasons:
1. The information was defective in that it constituted a variance or departure from the affidavit that furnished a basis for the warrant upon which defendant was held;
2. Defendant did not receive effective assistance of counsel prior to entering his guilty plea, and
3. Appellant’s decision to plead guilty was unduly influenced by promises and hints of reprisal by law enforcement officers.
Appellee joins issue with appellant as to his contentions and, in addition, urges that relief should not be granted via coram no-bis, unless petitioner alleges and proves that he had a valid defense to the original charge for which he now stands convicted. Upshaw v. State, 50 Ala.App. 172, 277 So.2d 917, cert. den. 291 Ala. 800, 277 So.2d 919; Clements v. State, 52 Ala.App. 294, 291 So.2d 748; Burden v. State, 52 Ala.App. 348, 292 So.2d 463.
*491 The petition does not allege, and the evidence does not show, that defendant had any defense to the charge of obtaining personal property of the value of twenty-five dollars or more under false pretense, in that he “did intentionally, unlawfully and falsely pretend . . . with the intent to defraud, that he had a current and valid Gulf credit card.”
Although the petition is treated by all concerned as one for a writ of error coram nobis, the petition moves in the alternative for “other appropriate post-trial relief.”
The appellant’s contentions as herein-above narrated are substantially the same as those made by him in his petition and on the hearing thereof. The State’s contentions were to the contrary, and its answer consisted only of denials of the allegations contained in the petition. The ruling of the trial court was with reference to the issues joined between the parties on the hearing.
The affidavit that furnished the basis for the warrant for defendant’s arrest charged that defendant “with intent to defraud Gulf Oil Corporation, . . . used for the purpose of obtaining” listed items of personal property “a credit card of another which he knew to have been mislaid, stolen or delivered . . ..”
The language of the information was unquestionably clearer and more definite than that of the affidavit. Title 15, § 261 requires that it “shall accuse the defendant, with the same certainty as an indictment, of the criminal offense for which he is being held.” Although different in language and inartfulness, there was no material variance between the information and the affidavit. Both refer to the same transaction, the same parties and the same property, except that the information did not contain all of the items listed in the affidavit, and it alleges that the items listed in the information were of a total value of, to-wit $75.00.
As to appellant’s second complaint that he was not furnished effective assistance of counsel, the record shows that an able attorney, with forty years experience at the local bar, was appointed to represent defendant on the hearing of his plea of guilt. The petitioner on the hearing of the coram nobis proceeding testified that his attorney did not talk with him over ten minutes. This is not specifically denied by the attorney in his testimony on the hearing of the coram nobis proceeding. Nevertheless, the attorney testified to a comprehensive conversation between him and defendant relative to the charges against defendant, the determination of defendant to plead guilty, the circumstances indicating his guilt, and the probable consequences of a judgment finding defendant guilty. Furthermore, the record shows that before the court accepted defendant’s guilty plea, the following occurred in the presence of defendant’s attorney:
“THE COURT: Have you talked to him [defendant’s attorney] today?
“MR. HALE: Yes, sir.
“THE COURT: Have you had plenty of time to talk to him?
“MR. HALE: Yes, sir.
“THE COURT: Do you want the Court to continue this cause to another day in order that you can talk to him on more than one occasion?
“MR. HALE: No, sir.
“THE COURT: Do you need any more time to talk to him before we proceed any further?
“MR. HALE: No, sir.”
Notwithstanding the short time of the conference between defendant and his counsel, we doubt not that much greater time employed in such conversation would not have been of any benefit to defendant. In this connection, it is to be observed that defendant himself initiated a petition to plead guilty, that he was 54-55 years of age at the time, that he had had two years of college education, but that he was a repeater, having been previously convicted of grand larceny of an automobile and sentenced to two years in prison, convicted of burglary and sentenced to two years and fifteen months, and sentenced to ten years imprisonment for having set off explosive dynamite.
*492 Appellant’s third contention that he was unduly influenced by promises and hints of reprisal by law enforcement officers is not sustained by the evidence. At the best for defendant, he may have had reason to imagine that as other members of his family may have been subject to a charge that they were involved in the fraud committed by defendant, they too, or one of them, would have been prosecuted unless defendant pleaded guilty; there is no substantial evidence to support any belief that such reprisal would occur in the event defendant did not plead guilty. There was some testimony by petitioner on the coram nobis proceeding that the sheriff or his deputy informed him that he did not think defendant would receive more than a year and a day in prison, but petitioner in his testimony expressly disclaimed any contention that any promise or assurance to that effect was made. There is no testimony that whatever may have been said to defendant as to possible punishment of the offense was said by anyone cognizant of his prior criminal record.
We feel that we should note that on the hearing of defendant’s plea of guilt, there was no compliance with all of the procedure prescribed by § 264 of Tit. 15 of the Code, as follows:
“Court to hear witnesses; conviction; sentence. — Upon the date fixed for the formal plea of guilty by the defendant, the court shall proceed to hear the testimony of any witnesses who may be summoned or offered either by the state or by the defendant, or whom the court may direct to be summoned, and must hear also the testimony of the defendant; and, if, after hearing such testimony, the court believes beyond a reasonable doubt that the defendant is guilty, in manner and form, of the offense charged against him in the information provided for in this article, the court shall thereupon receive and enter the plea of guilty of said defendant and shall enter judgment of conviction thereon and sentence said defendant to such term in the penitentiary as is prescribed by law, any other provisions of the law to the contrary notwithstanding.”
This point, however, has never been raised by appellant. Whether it materially affects the judgment and sentence against him, we do not here attempt to decide. If it does, it should first be presented to the trial court by some appropriate proceeding.
The trial court was correct in ruling as it did on the issues presented to it. Its judgment should be affirmed.
The foregoing opinion was prepared by Supernumerary Circuit Judge Leigh M. Clark, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
HARRIS, DeCARLO, BOOKOUT and BOWEN, JJ., and SIMMONS, Supernu-mary Circuit Judge, by designation concur.
TYSON, P. J., recuses himself as he was counsel for the State of Alabama in a prior case involving the appellant.