This appeal is from a judgment denying a petition for writ of error coram nobis after a hearing in the Circuit Court of Jefferson County.
Petitioner was originally convicted of robbery and sentenced to the penitentiary for a term of twenty years. He was represented by counsel of his own choosing or that of members of his family. His conviction was affirmed by this Court in December, 1977, without a formal opinion. New counsel was appointed to represent him on that appeal.
Subsequently, he filed his petition for writ of error coram nobis alleging only one ground: that he was represented by ineffective counsel. This allegation is fast becoming commonplace in post conviction petitions. When a convicted felon cannot conceive of anything else that might give him a new trial he charges that he was represented by inadequate counsel and litigation continues.
We have carefully read the petition filed in this case and there is no allegation that petitioner was innocent of the crime charged or that he had a valid defense. A copy of the original transcript of the evidence of the robbery conviction was introduced into evidence on the hearing of this petition and it shows that appellant did not *Page 1174 
testify. Under a long line of cases of this Court and the Supreme Court the failure to assert a valid defense and innocence of the crime is fatal in such proceedings. Mack v.State, 51 Ala. App. 611, 288 So.2d 150; Ex parte Taylor,249 Ala. 667, 32 So.2d 659; Ex parte Fewell, 261 Ala. 246,73 So.2d 558; Rickard v. State, 44 Ala. App. 281, 207 So.2d 422; Upshawv. State, 50 Ala. App. 172, 277 So.2d 917.
In Trammell v. State, 276 Ala. 689, 166 So.2d 417, the Supreme Court held:
 "Trial counsel must make many decisions of an almost infinite variety in the course of a criminal trial: whether to seek a change of venue; whether to advise a plea to a lesser offense; whether to object; whether to offer a witness of probable doubtful credibility or with a criminal record; whether to advise the defendant to take the stand and subject himself to cross examination; how to argue the case to the jury; whether the jury be polled. All these and more are practical questions and very real ones. Bad judgment or even good but erroneous judgment, may result in adverse effects. They are simple facts of trial; they are not justiciable issues in a proceeding of this kind.
 "We have previously indicated that Trammell's counsel was of his own choosing or that of members of his family. Under such circumstances it has been stated that only if it can be said that what was or was not done by the defendant's attorney for his client made the proceeding a farce or a mockery of justice, shocking to the conscience of the court, can a charge of inadequate legal representation prevail. O'Malley v. United States, 6 Cir., 285 F.2d 733, and cases cited."
In order to successfully show ineffective representation by counsel appellant must show that the conduct of the attorney reduced the trial to a farce, sham, or mockery of justice.Johnson v. State, 57 Ala. App. 470, 329 So.2d 160; Boswell v.State, 290 Ala. 349, 276 So.2d 592; Gore v. State, 45 Ala. App. 146, 227 So.2d 432; Lark v. State, Ala.Cr.App., 348 So.2d 539;Hillyer v. State, Ala.Cr.App., 351 So.2d 646.
The conviction of a client does not prove lack of skill or zeal on the part of counsel. Echols v. State, 276 Ala. 489,164 So.2d 486; Boswell v. State, supra.
At appellant's original trial he presented an alibi defense by his mother and a 14 year old brother. They testified that appellant was arrested on December 18, 1976, for an affray and his case was set for trial in the Recorder's Court at 1:30 p.m. on December 22, 1976, and that he did not return home until 3:00 p.m. on that date.
The evidence presented by the State tended to show that on December 22, 1976, appellant and two other men robbed the Pizza Hut on Greensprings Avenue near Homewood, Alabama, in Jefferson County. Each man was armed with a sawed-off shotgun. Two eyewitnesses, a waitress and a customer, positively identified appellant as one of the participants in this robbery. Besides the money taken from the cash registers, purses and wallets were taken from the employees and customers. The testimony of an investigating officer revealed that appellant's two brothers were being sought in connection with this same robbery. Appellant's 14 year old brother testified that one of his other brothers came home later that afternoon with some pocketbooks and a sawed-off shotgun.
The copy of the transcript reveals that trial counsel vigorously advanced appellant's claimed alibi defense and vigorously cross-examined the State's witnesses on the question of their identification of appellant as one of the bandits. So effective was his cross-examination that the jury, after some deliberation, returned to the courtroom and requested that the testimony of one of the identifying witnesses be read to them by the Court Reporter. The trial court granted this request. After this testimony was read to the jury they returned a verdict of guilty within nine minutes.
Trial counsel testified at length during the coram nobis hearing. He stated that he spent at least fifteen hours in pre-trial preparation and also conducted a preliminary *Page 1175 
hearing at which appellant was bound over to the grand jury. He and his law clerk spent about an hour and a half searching the records at the Recorder's Office. He did not talk to the Recorder because he thought it would prove fruitless. He discussed with the members of his firm the probable effect of issuing a subpoena to the Recorder for the trial of the robbery case but it was decided that this should not be done because in all likelihood the Recorder would have no independent recollection of having appellant before him on an affray charge where a guilty plea was entered and a $25.00 fine and $10.00 costs were imposed. No doubt the Recorder would have been forced to look at the records of the court to even learn the name of the offender who pleaded guilty. The records of the Recorder's Court were introduced into evidence together with the arrest report and a black and white photograph of appellant. These documents only reflected that appellant's case was set at 1:30 p.m. on December 22, 1976. It did not show the time that appellant entered a guilty plea to the affray charge.
Even though it can be definitely shown that trial counsel has made a mistake unfavorable to his client, that alone is not sufficient to demonstrate inadequate representation. Lee v.State, Ala.Cr.App., 349 So.2d 134 (1977). Matters of trial strategy should be left to the judgment of trial counsel in absence of a clear showing of inadequate representation. Tillisv. State, 292 Ala. 521, 296 So.2d 892 (1974).
No ineffective representation results where trial counsel fails to call witnesses whose testimony would only be cumulative to evidence already in the record. Sherill v.Wyrick, 524 F.2d 186 (8th Cir. 1975); U.S. v. Sangemino,401 F. Supp. 903 (S.D.N.Y., 1975). As a general rule, where a new trial is sought on the grounds of newly discovered evidence, relief is properly denied where that new evidence is cumulative. Evans v. State, 264 Ala. 289, 87 So.2d 437. The same rule is applicable where a writ of error coram nobis is sought. Divine v. State, 285 Ala. 488, 234 So.2d 28 (1970).
The evidence here, the omission of which appellant complains of, was cumulative at best. It should be noted, however, that appellant's appointed counsel did not support his petition by either affidavit or testimony of the City Prosecutor, the Recorder's Court Judge, or the Clerk of the Recorder's Court. Nor has he entered into evidence any record of treatment by the hospital, which he considered relevant to his defense. A coram nobis petitioner has the burden of proving the allegations of his petition. Hopkins v. State, 57 Ala. App. 78, 326 So.2d 144
(1975); Clements v. State, 52 Ala. App. 294, 291 So.2d 748
(1973). There is no indication in the record of the hearing on the petition, that any of these persons would have remembered appellant or testified favorably for him. An application for error coram nobis should make a full disclosure of the facts relied upon, not mere conclusions as to the nature and effect of facts. Thomas v. State, 274 Ala. 531, 150 So.2d 387 (1963).
Appellant testified at the coram nobis hearing and denied that he participated in the robbery. He admitted that his brothers robbed the Pizza Hut. He also stated that he wanted to testify in his robbery trial but his lawyer advised against it.
On cross-examination he admitted that he was convicted of rape in 1962 and received a ten-year sentence. He also admitted to previous convictions for burglary, assault with intent to rape, grand larceny, and escape from the penitentiary. With such a string of felony convictions his attorney used good judgment in advising him not to take the witness stand in his robbery trial.
Coram nobis proceedings are civil in nature and the burden of proof is on appellant to show that he was entitled to relief. On the record before us we hold that appellant failed to carry the burden cast by law upon him.
The judgment of the court below in denying the writ is affirmed.
AFFIRMED.
All the Judges concur. *Page 1176