584 F.2d 100
 Robert Lee BURDEN, Petitioner-Appellant,
v.
STATE OF ALABAMA, Respondent-Appellee.
 No. 76-2327.
 United States Court of Appeals,
Fifth Circuit.
 Nov. 17, 1978.
 
 Robert Lee Burden, pro se, E. Mabry Rogers, Birmingham, Ala. (Court-appointed), for petitioner-appellant.
 William J. Baxley, Atty. Gen., Montgomery, Ala., Randolph P. Reaves, Asst. Atty. Gen., Montgomery, Ala., Barry V. Hutner, Legal Research Aide, for respondent-appellee.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before AINSWORTH and CLARK, Circuit Judges, and HUGHES*, District Judge.
 CHARLES CLARK, Circuit Judge:
 
 
 1
 On April 25, 1970, Robert Lee Burden was arrested on a charge filed by his estranged wife accusing him of "carnally knowing, or abusing in the attempt to carnally know, Charlene Burden a girl under the age of 12." An Alabama grand jury subsequently indicted Burden as a result of these charges. The state trial court appointed counsel for Burden, and, on June 4, 1971, Burden pled guilty to the charges. The court sentenced Burden to a prison term of fifty years.
 
 
 2
 Although Burden did not file an appeal directly attacking his conviction, he has filed numerous collateral challenges in both the state and federal courts.[1] In his most recent habeas petition Burden assigned three grounds of error. He alleged first, that his guilty plea was involuntary in that he was not informed prior to sentencing of the elements of the crime for which he was arrested; second, that the state did not inform him of his right to appeal; and third, that his appointed counsel failed to apprise him of his right to appeal. The district court, acting without a hearing, adopted the federal magistrate's recommendations and held that Burden's plea was voluntary and that his right to appeal was not infringed by the State or by his appointed counsel.
 
 
 3
 Under 28 U.S.C. § 2254(b), a state prisoner is required to exhaust state remedies before seeking habeas review in the federal courts. It appears that Burden's arguments regarding his counsel's failure to inform him of his right to appeal were never expressly presented to the Alabama state courts. Although it would have been proper for the district court to have dismissed all of Burden's claims for failure to exhaust on the ineffectiveness of counsel issue, this failure to exhaust does not preclude appellate review of Burden's other grounds of error. Galtieri v. Wainwright, 582 F.2d 348, at 352-63 (5th Cir. 1978). Appellate review is particularly appropriate in this case since the exhausted and unexhausted grounds, though legally separate, are identical in factual underpinning. Burden's claims concerning the denial of information about his right to appeal are inextricably intertwined with his contentions regarding appointed counsel's failure to inform him of that right.
 
 
 4
 The due process clause of the fourteenth amendment requires that a guilty plea must be voluntarily given; such a plea inherently involves a waiver of many of defendant's constitutional rights. A recent Supreme Court decision handed down after the denial of Burden's habeas petition held that a guilty plea cannot be voluntary if the defendant is not informed of the elements of the crime with which he is charged. Henderson v. Morgan,426 U.S. 637, 96 S.Ct. 2253, 2257-58, 49 L.Ed.2d 108, 114 (1976). Burden contends that he was not informed of the elements of the crime of carnal knowledge prior to his guilty plea, and that, in fact, he never understood what carnal knowledge meant.
 
 
 5
 The district court concluded that Burden's guilty plea was voluntary since he had signed an "Ireland Form."[2] An examination of the form Burden signed shows that it does not contain a recital of the elements of the crime, nor does it contain any representations made by the judge or Burden's appointed counsel concerning the information Burden received. Moreover, the record of the guilty plea proceedings contains no reference to the elements of the crime.[3] Thus, the state record is inadequate to show whether the requirements of Henderson were met. When the state record is insufficient to allow a determination of the merits of a defendant's habeas claims the district court must hold a hearing to develop those facts. Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770, 785 (1963). Thus, this case must be remanded to the district court for determination of the voluntariness issue in light of Henderson. If, in that hearing, the State does not come forward with some proof that Burden was informed of the elements of the crime prior to sentencing, then the district court should vacate the state sentence and allow Burden to replead in state court. Burden's contention that the State never informed him of his right to appeal presents a secondary factual issue which cannot be resolved under the present records; the state record does not deal with whether Burden was informed of his right to appeal.
 
 
 6
 If the district court finds that Burden's plea was voluntary, it should develop the facts necessary to decide the advice-as-to-right-to-appeal issue and make findings based thereon. Since the resolution of this issue will control Burden's ineffective assistance of counsel claim, we now pretermit any consideration of the district court's dismissal of that unexhausted issue. The judgment appealed from is vacated and remanded for further proceedings consistent with this opinion.
 
 
 7
 VACATED and REMANDED.
 
 
 8
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 TABLE
 
 
 *
 Senior District Judge for the Northern District of Texas, sitting by designation
 
 
 [1]
 Burden's first petition for writ of error Coram nobis was filed in the state trial court on September 20, 1973. The petition was dismissed, and the Alabama Court of Criminal Appeals affirmed. Burden v. State, 52 Ala.App. 348, 292 So.2d 463 (1974). His second Coram nobis petition was filed on July 1, 1974, and the trial court's dismissal of that petition was also affirmed. Burden v. State, 54 Ala.App. 545, 310 So.2d 264 (1975). Burden filed his third petition on July 9, 1975, and the Alabama Court of Criminal Appeals affirmed the dismissal of that petition without opinion
 On April 2, 1975, Burden filed his first petition for habeas corpus in federal district court, and this petition was subsequently denied. Burden did not appeal. His second habeas petition was filed on January 9, 1976, and that petition was also denied. That denial is the subject of the present appeal.
 
 
 [2]
 The form Burden signed is printed in an Appendix to this opinion
 
 
 [3]
 The state court in which Burden pleaded did not, at that time, transcribe guilty plea proceedings. Thus, the only record of these proceedings was a "Minute on Trial" entered by the district court after Burden was sentenced. The portion of that entry relevant to the guilty plea proceedings follows:
 On this the 8 day of June, 1971, defendant being in open Court in person and by counsel and said defendant being duly arraigned on said indictment for his plea thereto, says that he is guilty of Carnal Knowledge and is adjudged guilty.
 Defendant being asked by the Court if he had anything to say why the judgment of the Court and the sentence of the law should not now be pronounced upon him, says nothing. It is therefore considered by the Court and it is the judgment of the Court that the defendant is guilty of Carnal Knowledge as charged in said indictment and is adjudged guilty and it is the sentence of the law that defendant be imprisoned in the Penitentiary for a term of 50 years.