**Arthur Lee TERRELL, Petitioner-Appellee,**

v.

**Ross MAGGIO, Jr., Warden, Louisiana State Penitentiary, Respondent-Appellant.**

No. 82–3248

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 17, 1982.

John H. Craft, Asst. Dist. Atty., New Orleans, La., for respondent-appellant.

Virginia Laughlin Schlueter, Asst. Fed. Public Defender, New Orleans, La., for petitioner-appellee.

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

The State of Louisiana appeals from a district court order granting habeas corpus

relief to Arthur Terrell. Despite a contrary state court finding, the district court adopted the magistrate's conclusion that Terrell was not informed of the elements of armed robbery before pleading guilty. Because neither the district court nor the magistrate considered the applicability of the "presumption of correctness" accorded a state court's factual determinations under 28 U.S.C. § 2254(d), we must vacate the judgment and remand the case for that consideration.

On October 9, 1970, Terrell pleaded guilty to three counts of armed robbery and was sentenced to twenty-five years. The court accepted the plea after determining that Terrell voluntarily had signed a form stating, among other things, that "the acts constituting the offense to which I am pleading guilty have been explained to me . . . ." Terrell subsequently sought habeas relief in state court, alleging that his guilty plea was involuntary because he did not have "full knowledge of the nature of the charge [or] the consequences of his act." On August 12, 1971, Judge Oser, who had taken Terrell's plea, denied habeas relief without an evidentiary hearing. He reviewed the record, the guilty plea forms, and a transcript of the proceedings and concluded that Terrell's allegations were untrue. The Louisiana Supreme Court in turn affirmed the denial of relief. Nine years later, Terrell again was unsuccessful in obtaining state habeas relief based on the same allegations.

Terrell filed his first federal habeas petition on February 4, 1981, alleging that he "was not advised of his rights to compulsory self-incrimination or the right to face his accusers, nor did he waive same." The district court referred the case to a magistrate "for the purpose of holding an evidentiary hearing to determine whether the petitioner herein knowledgeably and voluntarily relinquished those Constitutional rights to which he was otherwise entitled at the time of his guilty plea." The court also directed the magistrate to consider the implications of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969),

*Dulin v. Henderson,* 448 F.2d 1238 (5th Cir. 1971), and *French v. Henderson,* 317 F.Supp. 25 (W.D.La.1970).

After holding a hearing in which only Terrell testified, the magistrate concluded that "the bare minimum requirement of *Boykin v. Alabama* . . . has been satisfied." He stated further, however, that the state's failure to inform Terrell of the elements of armed robbery violated *Burden v. State of Alabama,* 584 F.2d 100 (5th Cir.1978) and required habeas corpus relief to be granted. The district court adopted this conclusion and ordered the state either to retry Terrell within sixty days or to release him from custody. The state now appeals from this order.

■ The state first contends that the district court erred in adopting the magistrate's findings and recommendations because the magistrate exceeded the scope of his order of referral by finding that Terrell had not been informed of the elements of armed robbery. This argument is without merit because the state had sufficient notice that this issue would be considered at the hearing. First, Terrell filed a supplementary brief in support of his habeas petition contending that "the trial court failed to ascertain [his] knowledge and awareness of the essential elements of the criminal conduct charged." Moreover, Terrell's counsel testified at the hearing that she had informed the district attorney about the possibility that all facts relating to the voluntariness of the plea would be presented. According to *Burden v. State of Alabama,* 584 F.2d at 102, a necessary requirement of voluntariness is that the defendant be informed of the elements of the crime with which he is charged. Although the *Boykin* decision concentrated specifically on waivers of the privilege against self-incrimination, the right to a jury trial, and the right of confrontation, its overall focus was on the voluntariness of guilty pleas. Thus, the magistrate did not exceed the order of referral by considering whether Terrell had been informed of the elements of armed robbery.

■ Although the magistrate complied with the district court's order of referral,

we nonetheless must vacate the judgment and remand the case for reconsideration in light of 28 U.S.C. § 2254(d).[1] In finding that Terrell was unaware of the elements of the offense, the district court reached a factual conclusion contrary to that of the state habeas court. Section 2254(d) provides that a state court's factual determinations entered after "a hearing on the merits [and] evidenced by a written finding ..." are entitled to a presumption of correctness, unless any of seven enumerated factors are present, or unless the state finding is not fairly supported by the record."[2] Because the state habeas court conducted a "hearing," see *Camarillo v. Estelle,* 670 F.2d 473, 475 (5th Cir.1981), and made a "written finding," the magistrate should have considered the applicability of the § 2254(d) exceptions before reaching a contrary finding of fact.

Resisting the inertial force to resolve the § 2254(d) issue now, we remand. That re-

sistance is required by the Supreme Court's recent decision in *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). The Court there vacated the Ninth Circuit's grant of habeas relief and remanded the case, holding that the court should not have contradicted the state court's factual findings without including in its opinion "at lease some reasoned references to § 2254(d). ..." *Id.* at 551, 101 S.Ct. at 771. Noting that "[f]ederal habeas has been a source of friction between state and federal courts," the Court characterized § 2254(d) as a congressional effort "to alleviate some of that friction." *Id.* at 550, 101 S.Ct. at 770. To ensure enforcement of this congressional mandate, the Court required any "habeas court [to] include in its opinion granting the writ the reasoning which led it to conclude that any of the first seven factors were present or the reasoning which led it to conclude that the state finding 'was not fairly supported by the record.' "

1. Although the state has never raised the § 2254(d) issue, *Sumner v. Mata,* 449 U.S. 539, 548–49 n. 2, 101 S.Ct. 764, 769 n. 2, 66 L.Ed.2d 722 (1981) holds that § 2254(d) was intended by Congress as a limitation on the exercise of a federal habeas court's jurisdiction. As such, this court has the duty to raise *sua sponte* the § 2254(d) issue.

2. 28 U.S.C. § 2254(d) provides as follows:

In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

(1) that the merits of the factual dispute were not resolved in the State court hearing;

(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;

(3) that the material facts were not adequately developed at the State court hearing;

(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;

(5) that the applicant was an indigent and the State court, in deprivation of his constitu-

tional right, failed to appoint counsel to represent him in the State court proceeding;

(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or

(7) that the applicant was otherwise denied due process of law in the State court proceeding;

(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record:

And in an evidentiary hearing in the proceeding in the Federal court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set forth in paragraph number (1) to (7), inclusive, is shown by the applicant, otherwise appears, or is admitted by the respondent, or unless the court concludes pursuant to the provisions of paragraph numbered (8) that the record in the State court proceeding, considered as a whole, does not fairly support such factual determination, the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous.

*Id.* at 551, 101 S.Ct. at 771. Because the Court's command was directed to the habeas court that first contradicts a state finding, we remand this case to the district court rather than resolve the § 2254(d) issue ourselves. Requiring the first federal habeas court to explain why it reached a result contrary to a state court is no empty ritual. That discipline is calculated to vindicate important values of comity. If a single federal judge is to stand an entire state at bay, he ought to say why.

In remanding this case, we express no opinion on the merits of Terrell's claim or any opinion as to the applicability of any of the exceptions to the § 2254(d) presumption. We seek only to effectuate the congressional intent behind § 2254(d) by requiring a federal habeas court to explain, within that statutory framework, its rejection of a state court's factual findings. Because the magistrate's findings adopted by the district court contradicted the state's findings without explanation, we VACATE the judgment and REMAND for further proceedings consistent with this opinion.[3]

---

**3.** This result is consistent with our holding in *Camarillo v. Estelle,* 670 F.2d 473 (5th Cir. 1981). There, the magistrate considered § 2254(d) but concluded that it was inapplicable because the petitioner had not been afforded an evidentiary hearing in the state habeas corpus proceedings. This conclusion, however, overlooked the different meaning of "hearing" that had been adopted one month earlier in *Sumner.* Rather than resolve the issue itself, this court remanded for a written explanation of the § 2254(d) factors.