**Robert Lee BURDEN,**
**Petitioner-Appellant,**

v.

**STATE OF ALABAMA,**
**Respondent-Appellee.**

No. 76–2327.

United States Court of Appeals,
Fifth Circuit.

Nov. 17, 1978.

Robert Lee Burden, pro se, E. Mabry Rogers, Birmingham, Ala. (Court-appointed), for petitioner-appellant.

William J. Baxley, Atty. Gen., Montgomery, Ala., Randolph P. Reaves, Asst. Atty. Gen., Montgomery, Ala., Barry V. Hutner, Legal Research Aide, for respondent-appellee.

Before AINSWORTH and CLARK, Circuit Judges, and HUGHES *, District Judge.

CHARLES CLARK, Circuit Judge:

On April 25, 1970, Robert Lee Burden was arrested on a charge filed by his estranged wife accusing him of "carnally knowing, or abusing in the attempt to carnally know, Charlene Burden a girl under the age of 12." An Alabama grand jury subsequently indicted Burden as a result of these charges. The state trial court appointed counsel for Burden, and, on June 4, 1971, Burden pled guilty to the charges. The court sentenced Burden to a prison term of fifty years.

Although Burden did not file an appeal directly attacking his conviction, he has filed numerous collateral challenges in both the state and federal courts.[1] In his most recent habeas petition Burden assigned three grounds of error. He alleged first,

that his guilty plea was involuntary in that he was not informed prior to sentencing of the elements of the crime for which he was arrested; second, that the state did not inform him of his right to appeal; and third, that his appointed counsel failed to apprise him of his right to appeal. The district court, acting without a hearing, adopted the federal magistrate's recommendations and held that Burden's plea was voluntary and that his right to appeal was not infringed by the State or by his appointed counsel.

Under 28 U.S.C. § 2254(b), a state prisoner is required to exhaust state remedies before seeking habeas review in the federal courts. It appears that Burden's arguments regarding his counsel's failure to inform him of his right to appeal were never expressly presented to the Alabama state courts. Although it would have been proper for the district court to have dismissed all of Burden's claims for failure to exhaust on the ineffectiveness of counsel issue, this failure to exhaust does not preclude appellate review of Burden's other grounds of error. *Galtieri v. Wainwright,* 582 F.2d 348, at 352–63 (5th Cir. 1978). Appellate review is particularly appropriate in this case since the exhausted and unexhausted grounds, though legally separate, are identical in factual underpinning. Burden's claims concerning the denial of information about his right to appeal are inextricably intertwined with his contentions regarding appointed counsel's failure to inform him of that right.

The due process clause of the fourteenth amendment requires that a guilty plea must be voluntarily given; such a plea inherently involves a waiver of many

* Senior District Judge for the Northern District of Texas, sitting by designation.

1. Burden's first petition for writ of error *coram nobis* was filed in the state trial court on September 20, 1973. The petition was dismissed, and the Alabama Court of Criminal Appeals affirmed. *Burden v. State,* 52 Ala.App. 348, 292 So.2d 463 (1974). His second *coram nobis* petition was filed on July 1, 1974, and the trial court's dismissal of that petition was also affirmed. *Burden v. State,* 54 Ala.App. 545, 310 So.2d 264 (1975). Burden filed his third petition on July 9, 1975, and the Alabama Court of Criminal Appeals affirmed the dismissal of that petition without opinion.

On April 2, 1975, Burden filed his first petition for habeas corpus in federal district court, and this petition was subsequently denied. Burden did not appeal. His second habeas petition was filed on January 9, 1976, and that petition was also denied. That denial is the subject of the present appeal.

of defendant's constitutional rights. A recent Supreme Court decision handed down after the denial of Burden's habeas petition held that a guilty plea cannot be voluntary if the defendant is not informed of the elements of the crime with which he is charged. *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 2257–58, 49 L.Ed.2d 108, 114 (1976). Burden contends that he was not informed of the elements of the crime of carnal knowledge prior to his guilty plea, and that, in fact, he never understood what carnal knowledge meant.

 The district court concluded that Burden's guilty plea was voluntary since he had signed an "Ireland Form." [2] An examination of the form Burden signed shows that it does not contain a recital of the elements of the crime, nor does it contain any representations made by the judge or Burden's appointed counsel concerning the information Burden received. Moreover, the record of the guilty plea proceedings contains no reference to the elements of the crime.[3] Thus, the state record is inadequate to show whether the requirements of *Henderson* were met. When the state record is insufficient to allow a determination of the merits of a defendant's habeas claims the district court must hold a hearing to develop those facts. *Townsend v. Sain,* 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770, 785 (1963). Thus, this case must be remanded to the district court for determination of the voluntariness issue in light of *Henderson.* If, in that hearing, the State does not come forward with some proof that Burden was informed of the elements of the crime prior to sentencing, then the district court should vacate the state sentence and allow Burden to replead in state court. Burden's contention that the State never informed him of his right to appeal presents a secondary factual issue which cannot be resolved under the present records; the state record does not deal with whether Burden was informed of his right to appeal.

 If the district court finds that Burden's plea was voluntary, it should develop the facts necessary to decide the advice-as-to-right-to-appeal issue and make findings based thereon. Since the resolution of this issue will control Burden's ineffective assistance of counsel claim, we now pretermit any consideration of the district court's dismissal of that unexhausted issue. The judgment appealed from is vacated and remanded for further proceedings consistent with this opinion.

VACATED and REMANDED.

## APPENDIX

### DEFENDANT'S RIGHTS

TO THE ABOVE NAMED DEFENDANT:

This is to inform you of your rights as a defendant in this criminal case. Under the indictment returned against you in this case by the Grand Jury of Jefferson County, Alabama, you are charged with the crime of____Carnal Knowledge_____ which is a felony offense. In the event you plead guilty to said crime, or if the jury finds that you are guilty of said crime, the law provides for punish-

2. The form Burden signed is printed in an Appendix to this opinion.

3. The state court in which Burden pleaded did not, at that time, transcribe guilty plea proceedings. Thus, the only record of these proceedings was a "Minute on Trial" entered by the district court after Burden was sentenced. The portion of that entry relevant to the guilty plea proceedings follows:

On this the 8 day of June, 1971, defendant being in open Court in person and by counsel and said defendant being duly arraigned on said indictment for his plea thereto, says that he is guilty of Carnal Knowledge and is adjudged guilty.

Defendant being asked by the Court if he had anything to say why the judgment of the Court and the sentence of the law should not now be pronounced upon him, says nothing. It is therefore considered by the Court and it is the judgment of the Court that the defendant is guilty of Carnal Knowledge as charged in said indictment and is adjudged guilty and it is the sentence of the law that defendant be imprisoned in the Penitentiary for a term of 50 years.

ment by imprisonment in the penitentiary for not less than____10____nor more than_____Death_____ for such offense.

Under the constitutions of the United States and of the State of Alabama you have a right or privilege not to be compelled to give evidence against yourself. In the trial of your case before the jury, you have the right to take the witness stand and to testify on your own behalf, if you so desire, but no one can require you to so testify. If you testify, you can be cross-examined by the state. If you do not testify, no one can even comment to the jury as to your failure to testify. You have the right to remain absolutely silent, but anything that you voluntarily say, with knowledge of your rights, may be used against you. Your conversations with your attorney are confidential and cannot, and will not, be disclosed by your attorney.

You have the right to stand on your plea of not guilty, and the right to a public trial before a duly selected jury. In a jury trial, the jury would determine whether you are guilty or whether you are innocent, based upon the evidence in the case.

In the trial of your case you will come into court clothed with a presumption that you are not guilty and this presumption of innocence will follow you throughout the course of the trial until the evidence produced by the state convinces each juror beyond a reasonable doubt of your guilt. The burden of proof is upon the State of Alabama to convince each and every juror from the evidence in the case that you are guilty beyond a reasonable doubt before the jury would be authorized to find you guilty. If the state does not meet such burden of proof, it will be the jury's duty to find you not guilty. You will have no burden of proof whatsoever in your trial.

To the charges set forth in the indictment you have the right to enter a plea of guilty, not guilty, not guilty by reason of insanity or any other special plea. You will enter a plea of guilty only if you are actually guilty of said crime and if you do not desire a jury trial. If you plead guilty there will be no jury trial, as has been heretofore explained to you.

Your attorney will go over these rights with you, but if you have any questions about any of them, please ask the undersigned judge and he will be happy to make further explanation thereof to you.

This the____8th____day of____June____, 19__74____.

_____/s/ E. L. Ball_____
Circuit Judge of Tenth Judicial Circuit of Alabama

Comes the defendant in the above-styled cause and states to the court that he has read, or has had read to him, the matters and things hereinabove set forth; that his attorney has thoroughly gone over said matters and things with him and that he, the defendant, thoroughly understands them; that he is not under the influence of any drugs, medicines or alcoholic beverages and has not been threatened or abused or offered any inducement or reward to get him to plead guilty. Defendant further states to the court that he is guilty as charged, in this case, and desires to plead guilty.

This the____8th____day of____June____, 19__71____.

_____/s/ Robert Lee Burden_____
Defendant

Comes the attorney for the above-styled defendant and certifies that the above and foregoing rights were read by the defendant in my presence, or were read to him by me, that I discussed such rights with the defendant, in detail, and that a written copy of the agove rights was given to the defendant for him to keep, use and study.

This the____8th____day of____June____, 19__71____.

_____/s/ A. V. Brown_____
Attorney for Defendant

Filed in Office this____8th____day of____June____, 19__71____.

_____
Circuit Clerk

FILED: JUN 8, 1971.