**Dennis Lee STINSON, Petitioner,**

v.

**Louie L. WAINWRIGHT, Respondent.**

No. 82-3089.

United States Court of Appeals, Eleventh Circuit.

July 28, 1983.

Certiorari Denied Nov. 14, 1983.
See 104 S.Ct. 430.

---

**8.** One of these counts was dismissed during trial.

Howard W. Skinner, Federal Public Defender, Jacksonville, Fla., for petitioner.

Gregory C. Smith, Asst. Atty. Gen., Tallahassee, Fla., for respondent.

Before TJOFLAT, FAY and ANDERSON, Circuit Judges.

FAY, Circuit Judge:

Appellant Dennis Lee Stinson was convicted of second degree murder in the Duval County, Florida Circuit Court in 1975 upon a plea of guilty. After pursuing state remedies for post conviction relief, Stinson filed a *pro se* petition for writ of habeas corpus alleging, among other things, that the guilty plea was involuntary. The district court denied the petition without holding an evidentiary hearing. On appeal, Stinson presents us with a single issue: whether or not an evidentiary hearing should have been held in the district court concerning the nature of the plea. Because we agree with the district court that no evidentiary hearing was necessary, we affirm the denial of the writ of habeas corpus.

## I. BACKGROUND

Stinson, at 15 years of age, was charged in state court with first degree murder and robbery. After discovery depositions and examinations of Stinson by two psychiatrists who submitted reports to the court, Stinson entered a plea of guilty to second degree murder. The court accepted the plea of guilty during a hearing on January 6, 1975 when the court went over the plea of guilty form with Stinson, Stinson's father and Stinson's attorney. A few weeks later, the court sentenced Stinson. The negotiated sentence recommended to the court was twenty years. The court advised Stinson's attorney that it decided to impose another sentence and Stinson stood by the plea. The court thereafter sentenced Stinson to forty years with the latter twenty years suspended and probation imposed.

After attacking his plea via post-conviction relief remedies in the Florida state courts, Stinson filed a *pro se* petition for habeas corpus in the federal district court pursuant to 28 U.S.C. § 2254. After a response was filed, the public defender was appointed to represent Stinson. The federal public defender filed a memorandum in support of the petition and a request for an evidentiary hearing. The magistrate filed his Report and Recommendation, and Stin-

son filed written objections. The district court adopted the magistrate's Report and Recommendation and dismissed the petition. Stinson appealed.

## II. EVIDENTIARY HEARING

Stinson argues on appeal that the district court erred in denying his petition for habeas corpus without an evidentiary hearing. The landmark decision of *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), "governs the threshold issue of whether or not to hold a federal evidentiary hearing." *Thomas v. Zant*, 697 F.2d 977, 984 (11th Cir.1983). In *Townsend*, the United States Supreme Court held that "where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in state court, either at the time of trial or in a collateral proceeding." 372 U.S. at 312, 83 S.Ct. at 756. The Court then enumerated six circumstances in which the federal court was obliged to grant an evidentiary hearing. *Id.* at 313, 83 S.Ct. at 757. Stinson contends that he is within the first two of *Townsend*'s categories: 1) the merits of the factual dispute were not resolved in the state hearing, and 2) the state factual determination is not fairly supported by the record as a whole.

We now turn to the substance of Stinson's claim and an examination of the state court record to determine whether Stinson is entitled to an evidentiary hearing.

## III. VOLUNTARY NATURE OF THE GUILTY PLEA

Stinson's challenge to his guilty plea's voluntariness has two facets. First, Stinson contends he was not competent to plead guilty. Second, Stinson argues that he was never adequately advised of the elements of the charge to which he pleaded. We shall consider each of these facets individually.

### A. Competence to Plead Guilty

█ It is well established that the conviction of a legally incompetent defendant violates due process. *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). The standard for determining competency to stand trial is whether the defendant, "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). In *Malinauskas v. United States*, 505 F.2d 649 (5th Cir.1974), we rejected a contention that the competency required of an accused to enter a voluntary plea of guilty is of a higher degree than the competency to stand trial and specifically held that "the test of mental competency at the time of trial or the entering of a plea in a criminal case is the same." *Id.* at 654. We decline to deviate from our precedent to follow Stinson's suggestion that we adopt a higher standard of competency to enter a plea of guilty.

The state trial judge had the reports of Drs. Mann and Miller, two psychiatrists who examined Stinson, before him and based upon those reports found Stinson competent. (Plea Hearing Transcript at 3). Dr. Miller's report states that Stinson's "functioning level at the present time is such that he can understand the proceedings facing him and adequately assist counsel in his own defense." Dr. Mann's report concludes that Stinson "appears to be capable of using good judgment, has a very good understanding of his present circumstances, and is considered to be mentally competent" and that "certainly at the present time he is not psychotic and is capable of helping his attorney prepare his defense."

█ Stinson has not alleged facts in the federal habeas petition to create any factual dispute the merits of which were not resolved in the state proceeding. The state factual determination of competency is fairly supported by the record as a whole. Thus, Stinson is not within either of the two categories of *Townsend* he contends govern this case, nor is he within any of the other circumstances enumerated by *Townsend*. We therefore find Stinson was not

entitled to an evidentiary hearing in federal district court on this issue.

## B. Advisement of the Elements of the Charge

Stinson contends that he was not adequately advised of the nature of the charge of second degree murder, to which he pleaded guilty, rendering the plea involuntary. In *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), the United States Supreme Court found that because the defendant did not receive adequate notice of the offense to which he pleaded guilty, his plea was involuntary and the judgment of conviction was entered without due process of law. Stinson relies on *Henderson* as well as on *Burden v. Alabama,* 584 F.2d 100 (5th Cir.1978), where the former Fifth Circuit held that the state record was inadequate to show that the requirements of *Henderson* were met. In *Burden,* the only evidence before the appellate court was a form signed by Burden which did not contain a recital of the elements of the crime nor did it contain any representations made by the judge or Burden's counsel concerning the information Burden received. *Id.* at 102. There was no transcript of the guilty plea proceedings. *Id.* at 102, n. 3.

The United States Supreme Court recently reaffirmed *Henderson* in *Marshall v. Lonberger,* —— U.S. ——, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983). The court noted that although the "governing standard as to whether a plea of guilty is voluntary for purposes of the federal Constitution is a question of federal law," —— U.S. at ——, 103 S.Ct. at 849, there were operative questions of historical fact found by the state courts to which the federal habeas court must accord a high measure of deference.[1] *Sumner v. Mata,* 455 U.S. 591, 102 S.Ct. 1303, 71 L.Ed.2d 480 (1982). 28 U.S.C.

§ 2254(d). The *Marshall* Court stated that "28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." —— U.S. at ——, 103 S.Ct. at 843.

Considering the well established tenet that a plea of guilty cannot be voluntary unless the accused has received real notice of the charge against him, the *Marshall* Court quoted approvingly the following language from *Henderson,*

> Normally the record contains either an explanation of the charge by the trial judge, or at least a representation by defense counsel that the nature of the offense has been explained to the accused. Moreover, even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit.

—— U.S. at ——, 103 S.Ct. at 852, *citing,* 426 U.S. at 647, 96 S.Ct. at 2258. Reversing the Sixth Circuit, the *Marshall* Court held that applying the *Henderson* standard to the factual determinations arising from the state court proceedings, "lead inexorably to the conclusion that the plea was voluntary." —— U.S. at ——, 103 S.Ct. at 852.

The state court records of Stinson's plea contain a plea of guilty and negotiated sentence form as well as transcript of the plea hearing and transcript of the later sentencing. At the commencement of the plea hearing, Stinson's attorney stated, "On behalf of the defendant Dennis Lee Stinson we would tender a plea negotiation. We would tender to the State a plea of guilty to murder in the second degree, and we have gone over the plea of guilty and negotiated sentence form in private at great length." (PHT at 4). The trial judge then asked

---

1. The Court commented,

   the factual conclusions which the federal habeas courts were bound to respect in assessing respondent's constitutional claims were the contents of the Illinois court records, the finding of the Ohio trial court that respondent was "an intelligent individual, well experienced in the criminal processes and well represented in all stages of the proceedings by competent and capable counsel in Illinois" [citation omitted], and the similar conclusion of the Ohio Court of Appeals, and the inferences fairly deducible from these facts.

   —— U.S. at ——, 103 S.Ct. at 851.

Stinson's attorney if he had gone over the plea of guilty form with Stinson and the attorney replied, "I have at great length." (PHT at 4). The judge proceeded to read the form to both the defendant Stinson and Stinson's father. The following colloquy concerning the nature of the charge occurred first:

> THE COURT: All right. I'm going to read it to you at this time. If you will follow me on it, Mr. Stinson, you and your father.
>
> It says, "Plea of guilty and negotiated sentence." It says, "I hereby enter my plea of guilty on this charge for the reason that I am guilty. Before entering such plea of guilty I was advised of the nature of the charges against me, the statutory offenses included within such charges, the range of allowable punishments thereunder, the possible defenses to the charge, circumstances in mitigation thereof, and all other facts essential to a broad understanding of the charges against me." I ask you, Mr. Dennis Lee Stinson, and you, Mr. Stinson, senior, if you have had the opportunity to read this first paragraph in private with your attorney, Mr. Deane, do you understand it and is it true and correct? Dennis Lee Stinson, is that true and correct?
>
> DEFENDANT STINSON: Yes, sir.
>
> THE COURT: And you, sir?
>
> MR. STINSON: Yes.

(PHT at 4–5). The judge then read the negotiated sentence portion of the form where defendant Stinson answered the judge's question as to the prosecutor's recommendation with "twenty years." (PHT at 6). The state judge read paragraph three to defendant Stinson as follows:

> THE COURT: "[b]efore entering this plea of guilty my attorney and I have fully discussed all aspects of this case and he has to my complete satisfaction answered all of my questions and has fully explained the charges and I am satisfied with the services he has rendered in this case on my behalf." I ask you, Mr. Dennis Lee Stinson and you, Mr. Sammy Stinson, if you have read that paragraph

together in private with your attorney, do you understand it and is it true and correct, Dennis Lee Stinson?

> DEFENDANT STINSON: Yes, sir.
>
> THE COURT: Sammy Stinson?
>
> MR. STINSON: (nodding head).

(PHT at 7). After further discussing the rights Stinson was relinquishing as a result of pleading guilty, the form was signed by Stinson and his father. The prosecutor then related the underlying facts of the offense to the court, to which defense counsel had "no exceptions." (PHT at 22).

A few weeks later, the court held a sentencing hearing and sentenced Stinson to forty years with the latter twenty years suspended with probation. During this hearing, Stinson's attorney reiterated that he "advised Mr. Stinson of his rights under the negotiated plea system and he—I feel that he understands his rights." (Sentencing Hearing Transcript at 9). The trial court also commented on Stinson's attorney:

> THE COURT: Mr. Deane, I want to thank you for the many hours of work that you have put in this case; I know that you have. And when you have a client charged with murder who is fifteen years of age at the time, attorney was appointed to represent him, I sought to find the best possible attorney to undertake his defense, and I know your extensive experience before the courts. I'm grateful to you for undertaking to represent him, and I know your personal philosophy about the pleadings to the law, and I know that when you speak in behalf of Mr. Stinson that you, as you just did, that it is a heartfelt emotion.

(SHT at 11).

In Stinson's case, the state court records contain various representations by defense counsel that the nature of the offense has been explained to the accused. The former Fifth Circuit case of *Burden v. Alabama,* 584 F.2d 100 (5th Cir.1978), is not therefore controlling because in *Burden* there were no representations by counsel that Burden had received any information about the charge. Applying *Henderson v. Morgan,* 426 U.S.

637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976) and *Marshall v. Lonberger,* —— U.S. ——, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983), to the facts of this case, we find that the state factual determination is fairly supported by the record as a whole and that Stinson has not alleged facts sufficient to create any factual dispute the merits of which were not resolved in the state proceeding. In this case, as in *Marshall,* the factual determinations arising from the state court proceedings "lead inexorably to the conclusion that the plea was voluntary." —— U.S. at ——, 103 S.Ct. at 852.

## CONCLUSION

Finding no basis under *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), upon which Stinson would be entitled to an evidentiary hearing on the merits of his contention that his guilty plea was involuntary, the district court's dismissal of the petition for writ of habeas corpus is AFFIRMED.