SHARP, Judge.
This is an appeal from an order summarily denying Reynolds’ motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Reynolds entered guilty pleas in Lake County to the offenses of grand theft, possession of a firearm by a convicted felon, and obtaining property by worthless check. He now claims that these pleas were involuntary due to mental incapacity.
The record establishes that Reynolds was examined by two court appointed psychiatrists in Alachua County immediately prior to and immediately after he entered his pleas in Lake County. The psychiatrists’ written reports indicate he was not competent to stand trial during this period of time. However, it appears that neither the public defender who represented Reynolds, nor the trial judge in Lake County who accepted the pleas and sentenced Reynolds, had any knowledge of the psychiatric evaluations.
In our view, the record on appeal is sufficient enough to preclude the trial judge from summarily denying Reynolds’ claims. Conviction of a legally incompetent person violates due process. Alvord v. Wainwright, 725 F.2d 1282 (11th Cir. 1984); Stinson v. Wainwright, 710 F.2d 743 (11th Cir.1983), cert. denied, 464 U.S. 984, 104 S.Ct. 430, 78 L.Ed.2d 363 (1983).
Accordingly, the order is reversed and the case remanded to the trial court. On remand, the trial court may either summarily deny the motion and attach to its order portions of the record which conclusively show Reynolds is not entitled to relief, or hold an evidentiary hearing and then rule on Reynolds’ allegations. Wright v. State, 492 So.2d 394, (Fla. 1st DCA 1986); Simpson v. State, 479 So.2d 314 (Fla. 5th DCA 1985); Rogers v. State, 467 So.2d 819 (Fla. 5th DCA 1985); and Fla.R.Crim.P. 3.850.
REVERSED AND REMANDED.
UPCHURCH, C.J., and COBB, J., concur.