SHIVERS, Judge.
Appellant, Madison Lee Reynolds, appeals from the trial court’s denial of his motion for post-conviction relief. The issue on appeal is whether the trial court properly denied Reynolds’ motion, in which he alleged he was incompetent to stand trial. We reverse.
Reynolds was convicted of issuing worthless checks on January 20, 1982, and he received two 5-year prison sentences as a result of his conviction. Reynolds was evidently convicted of similar charges in Lake County. See Reynolds v. State, 491 So.2d 1314 (Fla. 5th DCA 1986). Appellant filed a motion for post-conviction relief on October 16, 1986, alleging that his conviction was invalid because he was incompetent to stand trial. Reynolds requested in his motion that the trial court vacate and set aside his conviction or, in the alternative, give him an evidentiary hearing much as the Fifth District Court of Appeal had recommended in Reynolds v. State, supra. The trial court denied appellant’s motion for post-conviction relief, stating the motion failed to state any grounds upon which relief could properly be granted. Reynolds appeals from this order.
In Reynolds v. State, supra, the Fifth District Court of Appeal, on what appear to be identical facts, reversed a circuit court’s summary denial of Reynolds’ post-conviction motion. Reynolds claimed in his appeal before the 5th DCA that his pleas were involuntary due to mental incapacity. The record in that case established that two court-appointed psychiatrists had examined Reynolds in Alachua County immediately prior to and after he entered his pleas in Lake County. The psychiatrists’ reports indicated to the satisfaction of the 5th DCA that Reynolds may have been incompetent to stand trial but that neither the public defender representing Reynolds nor the trial judge in Lake County had any knowledge of Reynolds’ psychiatric evaluations. The court held that the record was sufficient to preclude the trial court from summarily denying (as did the trial court in the instant case) Reynolds’ claims for post-conviction relief, and went on to state that conviction of a legally incompetent person violates his due process rights. 491 So.2d at 1315; citing Alvord v. Wainwright, 725 F.2d 1282 (11th Cir.1984); Stinson v. Wainwright, 710 F.2d 743 (11th Cir.1983), cert. denied, 464 U.S. 984, 104 S.Ct. 430, 78 L.Ed.2d 363 (1983).
Here, psychiatrists’ reports similarly indicate Reynolds was incompetent to stand trial. Based on Reynolds v. State, supra, it was incorrect for the trial court to have summarily denied Reynolds’ motion, and this matter is accordingly remanded to the trial court for reconsideration in light of that decision. On remand, “the trial court may either summarily deny the motion and attach to its order portions of the record which conclusively show Reynolds is not entitled to relief, or hold an evidentiary hearing and then rule on Reynolds’ allegations.” Reynolds, 491 So.2d at 1315.
SMITH, C.J., and WENTWORTH, J., concur.