Kent OPPEL, Petitioner–Appellee,

v.

Larry R. MEACHUM, Commissioner of Correction, et al, Respondent–Appellants.

No. 1116, Docket 88–2069.

United States Court of Appeals, Second Circuit.

Argued May 24, 1988.

Decided June 22, 1988.

crime charged where the defendant so indicates at the plea proceeding, the attorney does not contradict his statement, and the defendant enters his plea of guilty while maintaining his innocence pursuant to the doctrine of *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). We conclude that the presumption should apply, and that the petition should be dismissed on its merits. We therefore reverse.

Michael E. O'Hare, Asst. State's Atty., Connecticut Div. of Criminal Justice, (Steven M. Sellers, Asst. State's Atty., Chief Appellate Unit, on the brief), for respondent-appellants.

Andrew B. Bowman, Westport, Conn., for petitioner-appellee.

Before NEWMAN and PRATT, Circuit Judges, and TELESCA, District Judge.*

PER CURIAM:

Respondents Larry R. Meachum, Commissioner of Correction, and George Bronson, Warden, appeal from a judgment of the District Court for the District of Connecticut (T.F. Gilroy Daly, Chief Judge) granting the petition of Kent Oppel for a writ of habeas corpus. *Oppel v. Lopes*, 677 F.Supp. 86 (D.Conn.1987). The petition challenged Oppel's state court conviction and sentence based on his plea of guilty to the crime of murder. The principal issue is whether a federal habeas court should presume that a defendant has been informed by his attorney of the elements of the

## BACKGROUND

On September 19, 1980, Oppel and his wife, Robin Oppel, quarreled concerning the arrangement of the cars in the parking area outside their home. When Oppel's wife struck him from the rear with a pipe, he responded by striking her head with a hammer multiple times. He then took a cord from his workbench, and wrapped it around her neck until she ceased making noises. With the help of his employee, Oppel buried his wife's body beneath a patio which was under construction adjacent to their home. On October 16, local police searched the premises, tore up the patio, and found the remains of Robin Oppel buried beneath the cement.

Oppel was charged with murder in violation of § 53a–54a(a) of the Connecticut General Statutes.[1] The indictment alleged that Oppel "with the intent to cause the death of Robin Oppel, did strangle" the victim. At the plea proceeding on March 8, 1983, Oppel maintained his innocence, but pled guilty to one count of murder pursuant to the doctrine of *North Carolina v. Alford*.[2]

---

* The Honorable Michael A. Telesca of the United States District Court for the Western District of New York, sitting by designation.

1. Connecticut General Statutes § 53a–54a(a) provides:
   A person is guilty of murder when, with the intent to cause the death of another person, he causes the death of such person or of a third person or causes a suicide by force, duress or deception; except that in any prosecution under this subsection, it shall be an affirmative defense that the defendant committed the prescribed act or acts under the influence of extreme emotional disturbance

for which there was a reasonable explanation or excuse, the reasonableness of which is to be determined, from the viewpoint of a person in the defendant's situation under the circumstances as the defendant believed them to be, provided nothing in this subsection shall constitute a defense to or a prosecution for, or preclude a conviction of, manslaughter in the first degree or any other crime.

2. The *Alford* doctrine permits the trial court to accept a guilty plea from a defendant who maintains his innocence where the court finds that there is a strong factual basis to support the crime charged, the plea of guilty is the result of

At the plea proceeding, the following colloquy took place:

The Court: Have you discussed with your attorney, Mr. Mirto, the crime of murder that has been charged in the indictment against you and your plea of guilty thereto?

Mr. Oppel: Yes, your Honor.

The Court: Are you satisfied with your attorney's advice and assistance?

Mr. Oppel: I am....

The Court: Do you understand the offense of murder with which you are being charged?

Mr. Oppel: Yes, your Honor.

The Court: I assume your attorney has explained the essential elements of this crime; is that correct?

Mr. Oppel: Yes, your Honor.

The Court: And he has explained to you, I would assume, your guilty plea under the Alford Doctrine; is that correct?

Mr. Oppel: Yes, your Honor.

The Court: Do you understand that doctrine?

Mr. Oppel: I do.

The Court: The doctrine, meaning quickly in a thumbnail, that the evidence seems to be that if you went to trial you probably would be found guilty. Did he explain that to you?

Mr. Oppel: Thoroughly, your Honor.

The Court: You are aware of that?

Mr. Oppel: Yes, I am.

The Court: And you are pleading under this doctrine of the Alford Doctrine which is known under the law; is that correct?

Mr. Oppel: I am. Joint Appendix, 135, 138.

The indictment was not read at the plea proceeding.

The state court judge accepted Oppel's plea, finding that it had been made knowingly, intelligently and voluntarily with a full understanding of the crime charged, its possible penalties, the consequences of such a plea, and after adequate advice and assistance of counsel. The court also found that there existed a factual basis to support the acceptance of the plea.

On April 22, 1983, Oppel was sentenced, in accordance with the plea agreement, to a term of imprisonment of 17 and 1/2 years to life.[3] At both the plea and sentencing proceedings, the State's attorney indicated that the State had entered plea negotiations due to the existence of conflicting medical evidence as to Oppel's state of mind at the time he killed his wife, which could support the affirmative defense of extreme emotional disturbance, and potentially reduce the conviction to one of manslaughter in the first degree. The possible viability of this defense was acknowledged by the sentencing judge.

Oppel did not appeal his sentence, but instead filed a petition for a writ of habeas corpus in the Superior Court for the Judicial District of Tolland at Rockville. Oppel testified at the state habeas proceeding, but his testimony was limited solely to the question of whether he had deliberately bypassed state appellate remedies. Since Oppel did not claim ineffective assistance of counsel in his state habeas petition, his trial attorney was not called to testify. The state habeas court found that Oppel did not deliberately bypass state appellate procedures, but denied his petition on the merits. The Connecticut Supreme Court affirmed, finding that the record adequately disclosed that Oppel possessed an " 'understanding of the law in relation to the facts.' " *Oppel v. Lopes*, 200 Conn. 553, 559, 512 A.2d 888 (1986) (quoting *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969)).

Having exhausted his available state remedies, Oppel filed his petition for a writ of habeas corpus in the District Court for the District of Connecticut, asserting that

---

an intelligent conclusion that the defendant's interests require entry of the guilty plea, and there is a benefit conferred on the defendant by virtue of the plea. *North Carolina v. Alford,* 400 U.S. at 38, 91 S.Ct. at 167.

**3.** The maximum possible sentence following a conviction of Conn. Gen. Stat. § 53a–54a(a) is a term of imprisonment of 25 years to life. *See* Conn.Gen.Stat. § 53a–35a(2) (1987).

his guilty plea was involuntary and unintelligent because the trial judge failed to inform him that intent to kill is an essential element of the crime of murder under Connecticut law. The district judge conducted an evidentiary hearing at which the transcripts of Oppel's plea proceeding and his sentencing proceeding were admitted. No further evidence was submitted by either party.

The district judge granted the petition. Refusing to accord a presumption of correctness to the state court findings, the district court concluded that the trial judge's inquiries concerning the elements of the offense "simply begged the question," and that the record revealed no factual basis for determining that the plea was voluntary. While the district court recognized that Oppel had not introduced any evidence regarding his actual knowledge of the charge at the time he tendered his plea, the Court found that the record did not support the conclusion that Oppel's counsel had explained to him all the elements of the offense. The district court concluded that the record was insufficient to find that Oppel understood the nature of the charges, and accordingly granted the writ.

### DISCUSSION

Oppel claims in this habeas petition that the plea colloquy in state court was insufficient to support a finding that his plea was voluntary because the state judge failed to inform Oppel that intent to kill is an element of the crime of murder under Connecticut law. Preferring to rest on what he perceives to be a defective plea colloquy, Oppel has introduced no evidence indicating that he was, in fact, unaware at the time he tendered his plea that intent to kill is an element of the crime of murder. Indeed, Oppel does not even make this claim in his federal habeas petition. Having reviewed the records of the state proceedings, we conclude that the records support the finding that Oppel's attorney informed him of the elements of the crime of murder and that his plea was voluntary.

### A. Standard of Review.

Under 28 U.S.C. § 2254(d) a federal habeas court must defer to the state court's factual findings where the material facts are adequately developed after a full and fair hearing unless the federal court concludes that the record as a whole does not fairly support the state court's determination. 28 U.S.C. §§ 2254(d)(2), (3) and (8). However, the federal habeas court must defer only on questions of "historical" fact and the inferences to be drawn therefrom; questions of law and mixed questions of fact and law are subject to plenary federal review. *See Marshall v. Lonberger*, 459 U.S. 422, 431–32, 103 S.Ct. 843, 849–50, 74 L.Ed.2d 646 (1983); *Matusiak v. Kelly*, 786 F.2d 536, 543 (2d Cir.1986), *cert. dismissed*, 479 U.S. 805, 107 S.Ct. 248, 93 L.Ed.2d 172 (1986).

### B. The Merits.

It is constitutional error for a trial judge to accept a defendant's guilty plea "without an affirmative showing that it was intelligent and voluntary." *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969). Under the *Alford* doctrine a defendant who maintains his innocence may voluntarily plead guilty where he intelligently concludes that his interests require the entry of a guilty plea and the record contains strong evidence of actual guilt. *North Carolina v. Alford*, 400 U.S. at 37, 91 S.Ct. at 167. A defendant cannot "intelligently" reach these conclusions "if he does not know the elements of the crime to which he is pleading and therefore does not know what the State has to prove; and his ignorant decision to plead guilty under such circumstances is not a reliable indication that he is in fact guilty." *Henderson v. Morgan*, 426 U.S. 637, 648 n. 1, 96 S.Ct. 2253, 2259 n. 1, 49 L.Ed.2d 108 (1976) (White, J., concurring).

The preferred practice is for the trial judge to articulate during the plea colloquy the elements of the crime charged, how these elements apply to the defendant, and the consequences of the guilty plea. In this instance, the state judge failed to inform Oppel during the plea proceeding

that intent to kill is an element of the crime of murder under Connecticut law. However, the Supreme Court has held that "even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." *Henderson v. Morgan*, 426 U.S. at 647, 96 S.Ct. at 2258. Thus, under *Henderson v. Morgan* it is normally presumed that the defendant is informed by his attorney of the charges against him and the elements of those charges. *See Marshall v. Lonberger*, 459 U.S. at 437, 103 S.Ct. at 852 (under *Henderson* respondent presumed to have been informed by his lawyers or at pre-sentencing proceedings of charges on which he was indicted).

▪ Where the state court conducts an evidentiary hearing and makes a factual determination concerning the defendant's actual knowledge at the time he tendered his plea, that determination is entitled to deference under § 2254(d). *Marshall v. Lonberger*, 459 U.S. at 432–34, 103 S.Ct. at 849–51. However, no such evidentiary hearing was conducted in this case. The Connecticut state courts concluded that Oppel's plea was voluntary based solely on the transcripts of the plea and sentencing proceedings, the contents of the indictment, and the presumption of *Henderson v. Morgan*. Thus, the state court's determination was not a purely factual conclusion and so is not entitled to deference under § 2254(d). We agree with the district court that the question of whether the *Henderson v. Morgan* presumption applies is a mixed question of law and fact subject to plenary federal review.

▪ Having examined the records of the state court proceedings, and mindful that Oppel has introduced no evidence indicating that he was unaware of the elements of the crime of murder at the time he tendered his plea, we conclude that it is appropriate to presume that Oppel's attorney informed him of the elements of the crime prior to the time he tendered his plea. *See Marshall v. Lonberger*, 459 U.S. at 442 n. 2,

103 S.Ct. at 855 n. 2 (Brennan, J., dissenting) (*Henderson v. Morgan* presumption applies "[i]n the absence of proof to the contrary"). The indictment clearly charged that Oppel strangled his wife with the intent to kill her. Although the indictment was not read aloud at the plea proceeding, it is fair to presume that the indictment was either read at the time of the arraignment or read and discussed by Oppel and his attorney some time thereafter. Moreover, while the body of Robin Oppel was found in October, 1980, and Oppel was apparently charged shortly thereafter, he did not tender his plea until March, 1983—almost 2 and 1/2 years later. Once again, it is fair to presume that during this lengthy period of time Oppel's attorney at some point informed him of the elements of the crime of murder. Most significantly, Oppel responded affirmatively when the judge asked him at the plea proceeding whether his attorney had informed him of the elements of the crime. When asked whether his attorney had discussed the *Alford* doctrine with him, Oppel replied, "Thoroughly, your Honor." Oppel's attorney did not contradict either of these responses.

▪ Where a defendant's attorney has garnered extensive medical evidence on the question of the defendant's intent, and where that attorney has in the petitioner's own words "thoroughly" discussed the *Alford* doctrine with his client, the federal habeas court must conclude that the attorney informed the defendant that the intent to kill was an element of the crime of murder. *See Worthen v. Meachum*, 842 F.2d 1179 (10th Cir.1988) (presumption applied where defendant discussed plea with attorney and offered no evidence to rebut presumption that attorney explained the nature of the offense); *Stinson v. Wainwright*, 710 F.2d 743 (11th Cir.1983) *cert. denied*, 464 U.S. 984, 104 S.Ct. 430, 78 L.Ed.2d 363 (1983) (writ denied where petitioner acknowledged that he had discussed with attorney both his plea and negotiated sentence form which acknowledged that petitioner was advised of the nature of the charges against him); *cf. Berry v. Mintzes*,

726 F.2d 1142 (6th Cir.1984), *cert. denied, Berry v. Foltz,* 467 U.S. 1245, 104 S.Ct. 3520, 82 L.Ed.2d 828 (1984) (plea found voluntary without presumption where petitioner and defense counsel represented on record that they had discussed entry of the guilty plea). Thus, we find the record supports the conclusion that Oppel was informed by his attorney of the elements of the crime to which he pled guilty, and that his plea was voluntary.

Reversed and remanded with instructions to dismiss the petition. Mandate shall issue forthwith.