Kevin JOYNER, Petitioner–Appellant,

v.

Dennis C. VACCO, Attorney General of New York, and Superintendent of Sing Sing Correctional Facility, Respondent–Appellees.

No. 00–2200.

United States Court of Appeals, Second Circuit.

Sept. 21, 2001.

**26**

Mark Diamond, New York, NY, for petitioner-appellant.

Donald J. Siewert, Assistant District Attorney, New York County, NY, for respondent-appellees.

Present NEWMAN, CALABRESI, and SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Petitioner Appellant Kevin Joyner ("Joyner") appeals from a judgment of the United States District Court for the Southern District of New York (Denise Cote, *Judge* ), denying his petition for a writ of habeas corpus.

Joyner was indicted on five counts of attempted murder in the first degree, five counts of criminal use of a firearm in the

first degree, and one count of criminal possession of a weapon in the second and third degree. All these resulted from shootings that, in a post-arrest statement to the police, he admitted. According to the indictments, Joyner went to the Manhattan apartment of his former girlfriend, Nancy Flores, on the evening of January 12, 1991, carrying a .38 caliber handgun. Present in the apartment were Nancy Flores and her two daughters, Latasha and Lena, as well as Pablo Perez, a friend of Ms. Flores, and his two nephews, Ernesto Morales and Alex Hernandez. Joyner pointed his gun and fired at each of the occupants of the apartment, with the exception of Alex Hernandez who had hidden under a bed to elude Joyner. As he was exiting the apartment, Joyner allegedly "pointed the gun within a foot of Lena's forehead, threatened to kill her and pulled the trigger[,] but no bullet was discharged."

On July 14, 1992, the trial court entered a plea of guilty to all counts of the indictment. Joyner was sentenced two months later to two consecutive terms of ten to twenty years' imprisonment for the attempted murders of Nancy Flores and Latasha Flores, and three concurrent terms of ten to twenty years' imprisonment for the attempted murders of Pablo Perez, Ernesto Morales, and Lena Flores. He also received a concurrent term of seven and one-half to fifteen years for the criminal possession count.

The state trial record clearly demonstrates that the trial court judge conducted an extensive plea allocution, at which Petitioner was represented by counsel who unequivocally expressed Joyner's desire to enter a guilty plea with respect to *all* counts of the indictment, including Count Nine, which charged him with the attempted murder of Lena Flores. Before accepting the guilty pleas, the trial judge con-

ducted a thorough examination of Joyner, at which the judge described, *inter alia*, the counts of the indictment and the penalties associated with each, the potential sentence that Joyner faced if he were convicted at trial, the mechanism of a trial and the constitutional rights that Joyner would waive by pleading guilty, and the plea agreement negotiated between the defense counsel and the prosecutor. At no point during this colloquy did Joyner indicate that he was unwilling to plead guilty to (and receive a concurrent sentence for) Count Nine.

The trial court then made certain inquires of Joyner that were intended to provide the factual basis for his guilty pleas. At one point during this questioning, Joyner was equivocal about his guilt with respect to Count Nine and, on two occasions, denied the factual basis for that count. The trial judge, after eliciting the prosecutor's offer of proof for each count of the indictment and a statement from Joyner that he was pleading guilty because he had committed the crimes, accepted Joyner's guilty pleas. The pleas were entered without further comment or any objection from the defense. At sentencing, nearly two months after the court's entry of the guilty pleas, Joyner did not object to being sentenced for all the counts, including Count Nine.

Petitioner made several appeals before the New York state appellate courts. In these, he claimed, *inter alia*, that his plea was not voluntary and intelligent because he had denied an essential element of the crimes to which he pled guilty. The Appellate Division unanimously affirmed Joyner's conviction, concluding that "[d]efendant's guilty plea was properly accepted" since, "[w]hen defendant denied the requisite intent, the court carefully elicited defendant's admission of facts from which intent could be readily inferred." *People v. Joyner,* 213 A.D.2d 252, 253, 624 N.Y.S.2d 17 (N.Y.App. Div., 1st Dep't 1995). The Appellate Division also determined that "it was appropriate to accept defendant's guilty plea with respect to a count wherein he denied his guilt," specifically Count Nine, under the doctrine set forth by the U.S. Supreme Court in *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). *Id.* Joyner was denied leave to appeal to the New York Court of Appeals.

Joyner subsequently filed a *pro se* petition for a writ of habeas corpus with the U.S. District Court for the Southern District of New York.[1] In his petition, Joyner raised six grounds for relief, among them was the claim that the trial court had wrongly entered guilty pleas after Joyner denied guilt with respect to one attempted murder count and denied intent to kill with respect to four others. The other five claims are not germane to the issues before us.

By opinion and order dated March 15, 2000, the district court denied the petition. *See Joyner v. Vacco,* 2000 WL 282901 (S.D.N.Y. Mar.15, 2000). The court held that Joyner's plea was "entirely proper" under *North Carolina v. Alford. Id.* at *9. In *Alford,* the Supreme Court found that a defendant who had pled guilty to a murder charge, but stated that he had not shot the victim, had entered his plea voluntarily. The Court went on to say that a guilty plea may be valid despite the defendant's protestations of innocence if there is strong evidence of guilt that "substantially negate[s][the] claim of innocence and ... further provide[s] a means by which the judge could test whether the plea was being intelligently entered," and held that a defendant's protestation of innocence does not invalidate a guilty plea where "a defendant intelligently concludes that his

---

1. Joyner was ultimately represented by counsel before the district court.

interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt." *Alford*, 400 U.S. at 37, 38, 91 S.Ct. 160; *see also Oppel v. Meachum*, 851 F.2d 34, 35 n. 2 (2d Cir.1988) (per curiam) (stating that a trial court may "accept a guilty plea from a defendant who maintains his innocence where the court finds that there is a strong factual basis to support the crime charged, the plea of guilty is the result of an intelligent conclusion that the defendant's interests require entry of the guilty plea, and there is a benefit conferred on the defendant by virtue of the plea")

In the case before us, the district court found that Joyner's conviction after trial was a "virtual certainty," that Joyner's decision to plead guilty, made after lengthy discussions with his counsel, was voluntary and intelligent, and that Joyner received a favorable five-to-ten-year reduction in his sentence pursuant to the plea agreement as an incentive to plead. *Joyner*, 2000 WL 282901, at *9. Finally, the district judge stated that "[a]t best, Joyner's cases support a conclusion that the plea allocution violated certain procedural provisions of New York State law." *Id.* There was, however, no violation of a federal right that would justify a federal court's granting of habeas corpus under 28 U.S.C. § 2254(d). *See id.*

Despite finding no violation of Joyner's federal constitutional rights, the district court issued a certificate of appealability under 28 U.S.C. § 2253 "solely with respect to the issue whether Joyner's guilty plea to Count Nine, the attempted murder of Lena Flores, was voluntary and intelligent." *Id.* at *11. The district court noted, with respect to all other claims, that "the petitioner has not made a substantial showing of a denial of a federal right and appellate review is, therefore, not warranted." *Id.* Finally, the district court observed that, pursuant to 28 U.S.C.

§ 1915(a)(3), any appeal from the district court's opinion and order, other than as permitted in the certificate of appealability with respect to Count Nine, "would not be taken in good faith." *Id.*

We review *de novo* the district court's denial of habeas corpus relief. *See Sellan v. Kuhlman*, 261 F.3d 303, 307 (2d Cir. 2001)

■ On appeal, Joyner argues that he did not in fact plead guilty to Count Nine of the indictment. But this contention is not within the scope of the certificate of appealability granted by the district court, which was limited solely to the question of whether Joyner's guilty plea to Count Nine was voluntary and intelligent. *See Joyner*, 2000 WL 282901, at *11. Under 28 U.S.C. § 2253(c)(3), appellate review is limited to issues specified in the certificate of appealability. Accordingly, we will not consider Joyner's claim that he did not plead guilty to Count Nine.

■ We review Joyner's assertion that his guilty plea to Count Nine was not voluntary and knowing under the standard set forth in 28 U.S.C. § 2254, enacted as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA,

[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the

facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d) (1994). A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent." *Williams v. Taylor,* 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (O'Connor for the Court, Part II). And a state court decision "involve[s] an unreasonable application" of federal law if the state court either (1) identifies the correct governing legal rule, but applies it to the facts of the particular state prisoner's case in an objectively unreasonable manner, or (2) in a similarly unreasonable way extends a legal principle from the Court's precedent to a new context where it should not apply or refuses to extend that principle to a new context where it should apply. *See id.* at 407, 120 S.Ct. 1495.

From the trial record, it is clear that the state court considered the strength of the prosecution's case and found that it substantially negated Joyner's equivocal claims of innocence. Moreover, the court obviously determined that the second requirement of *Alford*—that the defendant could well conclude that it was in his interest to take the plea—was also met. Joyner, as a second felony offender, whom the trial judge had indicated should not be eligible for parole, faced the maximum sentence permitted under New York law-twenty-five to fifty years' imprisonment. As a result, and given that his conviction at trial was deemed a "virtual certainty," *see Joyner,* 2000 WL 282901, at *9, the five-to-ten-year sentence reduction could certainly be viewed as in his interest. It was on these grounds that the trial court, after examining Joyner's statements and the State's offer of proof and concluding that there was a factual basis for the guilty pleas, accepted Joyner's plea to Count Nine.

The New York state courts consistently held that Joyner's guilty plea to Count Nine was an *Alford* plea because it represented a voluntary and intelligent choice among the alternative courses of action open to him. Such a determination is not contrary to Supreme Court precedent and we cannot say that it is an unreasonable application of *Alford.*

Accordingly, we AFFIRM the district court's denial of Joyner's petition for a writ of habeas corpus.

